JOHN WATSON, Respondent, *v.* ROBERT SCHNECKO, Appellant.

### January 30, 1883.

1. BACK TAXES — FEES OF COLLECTOR. — In the collection of back taxes by suit, the fees do not necessarily belong to the collector who receives the money.

2. —— In such cases there is no statutory provision for a division of the fees between successive collectors.

8. —— A collector who begins, and conducts to judgment, a suit for back taxes, is entitled to the fees, although he is not in office when the judgment is rendered and when the taxes are collected.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

JOHN W. MCELHINNEY, for the appellant.

FRANKLIN FERRISS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

This cause was heard in the circuit court, and determined in favor of the plaintiff, upon an agreed statement of facts as follows : —

"On the 28th day of March, 1878, plaintiff, the duly qualified and acting sheriff and ex-officio collector of St. Louis County, by his attorneys, filed a suit to foreclose a lien for delinquent taxes against property of Abraham Duryee, styled as follows : State of Missouri, at the relation and to use of John A. Watson, collector of the revenue, v. Abraham Duryee.' This case was continued from time to time, until the 11th day of April, 1881, when judgment was rendered for the plaintiff in the sum of $1,809 for taxes and interest. The amount of collector's commissions on this sum was $72.42. On the 15th day of December, 1880, plaintiff's term of office expired, and defendant was duly qualified as his successor, and he has been the acting sheriff and ex-officio collector since that time, and was such at the time of the judgment above referred to. Shortly after the rendition of the above judgment, the amount of the same together with the collector's commission, $72.42, and all other costs, was paid to defendant as collector. No change was made in the style of the above-mentioned cause, or in the management of the case, up to the time of judgment; the same being conducted to final judgment to use of plaintiff, as collector, and by the attorneys of his appointment, although at the time of judgment plaintiff was out of office. Defendant claims that the said commissions belong to him as the acting collector to whom the taxes and commissions were paid. Plaintiff claims them as the collector who brought the suit, and to whose use the judgment was rendered. The only question to be tried is, whether plaintiff or defendant is entitled to these commissions."

No direct solution of the question thus presented is to be found in the statutes. If the inquiry pertained to the ordinary, current collection of taxes, where no delinquency

has intervened, we might have no hesitation in saying that the statutory compensation belonged to the officer who received the money from the tax-payer. Revised Statutes, section 6785, provide : " The collector shall receive as full compensation for his services in collecting the revenue, except back taxes, the following commissions, and no more." Here follows a classification of counties by the gross amount of collections in each, whereupon a percentage is fixed in each instance, " on the amount collected." The terms of this provision seem to contemplate no compensation for anything except the actual receipt of the money, with its consequent responsibilities. But the exception of " back taxes " in the same provision and various duties imposed concerning them, by other provisions, taken in connection with the language used in defining the compensation, leave it not so clear that the same interpretation may be applicable to the services rendered in that connection. We are unable to reach the legislative intention, otherwise than by comparing various provisions relating more or less indirectly to the subject-matter.

Besides the receiving of the money for the state there are many duties enjoined upon the collector with relation to back or delinquent taxes, which do not pertain to the current collections. The collector must make a " personal delinquent list, in which shall be stated the names of all persons owing taxes on personal property, where taxes cannot be collected, alphabetically arranged, with the amount due from each," and also a " land delinquent list, in which shall be stated the taxes on lands and town lots, where taxes have not been collected, with a full description of said lands and lots, and the amount of taxes due thereon set opposite each tract of land or town lot." There must also be prepared " a like list of all delinquent clerks and other officers hereinbefore required to pay to the collectors the amount of revenue by them respectively received, to be called the ' delinquent list of officers.' " Rev. Stats.,

sect. 6770. The collector is next required to post copies of two of these lists at the court-house of his county, and in each municipal township. *Ibid.*, sect. 6771. He must then make return of his delinquent lists, under oath or affirmation, to the proper tribunal, and must satisfy that tribunal "that he has used due diligence to collect the same, and that he could not find any personal property of the tax-payer, out of which to make the taxes." *Ibid.*, sect. 6772. Having received the "back-tax book" from the clerk of the county court, the collector must "levy upon, seize, and distrain personal property, and sell the same for such taxes in the manner provided in this act." *Ibid.*, sect. 6826. If these means fail, the collector must then perform various duties prescribed in section 6836, with reference to the institution of suits and to subsequent proceedings. All these duties, some of whose details are here omitted, are additional to those for which a general rate of compensation is fixed by section 6785. Subdivision 10, of that section, is supposed to be applicable to St. Louis County. It fixes a commission of one and one-half per cent on the amount collected. This, of course, is to be deducted from the collections made. Section 6842 provides for the compensation of "services rendered under the provision of this act, to wit, with reference to the back, or delinquent, taxes." The collector's compensation for such services is to be "four per centum on all sums collected." The charges under this head are to be taxed as costs, and collected from the party paying or redeeming.

It thus appears that the legislature has provided one rate of compensation for ordinary collections upon the original tax-lists, and a different rate for collections resulting from the various processes which appertain to the delinquent lists. In both instances the measure of compensation is determined by the amount collected. This, the defendant holds, is equivalent to declaring that the officer who collects is the only one to be paid. But the

two propositions fail of any logical connection. The amount of a certain collection might, without inconsistency, measure the compensation for services rendered by another officer, or even in a matter constituting no part of the collection itself. In our view, the more important provision common to the several regulations, is that the compensation so measured and directed is to be for the " services rendered " by the officer. We find it difficult to believe that, by this, the law-makers ever intended that the services should be rendered by one officer, while the compensation should go to another.

No provision is made for a division of fees between successive collectors. The compensation must all belong to the one or to the other. We are not called upon to lay down any rule for a case wherein the services rendered by two different officers upon the same collection are equal or nearly so. It is enough for the present case that the substantial and responsible duties and labors which led up to the collection were performed by and in the name of the plaintiff. The judgment was in his name as relator and beneficiary. It does not appear that an execution was issued. But if there had been one the defendant could have collected upon it in his capacity of sheriff, independently of his functions as collector. We do not think that the equity of the statute in such a case as this, intends that the defendant shall reap all the benefit of the substantial and controlling services performed by the plaintiff, by reason of the fact that the money accruing from them has come into his hands. The judgment is affirmed. All the judges concur.