## T. J. DOUGLASS, Appellant, v. W. T. RAY, Respondent.

Springfield Court of Appeals, December 20, 1917.

1. **COURTS**: Jurisdiction of Missouri Court of Appeals: "Suit Requiring Construction of Revenue Laws." A suit by a former county collector of revenue against his successor in office to collect four per cent commission on delinquent taxes paid the latter, but for which suits had been instituted by the former collector while still in office, is not a "suit requiring a construction of the revenue laws" within Const., art. 6, sec. 5, as amended in 1884, placing such matter within the jurisdiction of the Supreme Court, and the Court of Appeals has jurisdiction.

2. **TAXATION**: Collection: Commissions on Delinquent Taxes: Statute. A county collector of revenue who had brought suits for delinquent taxes was entitled to the four per cent commission thereon, though the taxes were received by his successor in office.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED (*with directions*).

*L. R. Jones* for appellant.

*John T. McKay* for respondent.

FARRINGTON, J.—This suit is by T. J. Douglass, formerly collector of revenue of Dunklin county, against W. T. Ray, his successor in office, to collect four per cent commission on delinquent taxes paid the latter but for which suits had been instituted by Douglass while still in office. Appellant contends that he is entitled to receive the full four per cent commission under his construction of certain sections of our revenue laws, to-wit, sections 11481, 11484, 11486, 11488, 11489, 11490, 11491, 11493, 11494, 11495, 11497, 11498, 11505 and 11511, Revised Statutes 1909, and Session Laws 1913, page 322, section 3, and the issue is sharply

drawn by respondent's denial of the construction contended for.

We were first impressed with the idea that to dispose of this case required a construction on our part of the revenue laws so as to vest the jurisdiction of this appeal in the Supreme Court under section 5 of the Amendment of 1884 of article 6 of our Constitution. The question, however, has been recently reviewed in the case of State ex rel. Hadley v. Adkins, 221 Mo. 112, 119 S. W. 1091, where a number of Missouri cases are discussed which hold that in order to confer appellate jurisdiction in the Supreme Court "revenue must be directly and primarily concerned, not merely indirectly or as an incident." The only case we have found where there was a disposition of the commissions due a collector on delinquent taxes wherein the Supreme Court retained jurisdiction, is that of State ex rel. Shannon County v. Hawkins, 169 Mo. 615, 70 S. W. 119. However, on reading that opinion it will be seen that the question for decision was whether the penalty of four per cent was a part of the revenue or whether it was to be treated as costs and penalty, which necessarily involved a construction of the revenue laws within the meaning of the Constitution. In our case the only question to be decided is whether this four per cent penalty—which has been held in the case last above cited not to be *revenue*—shall go to the collector who actually received the money paid by delinquent taxpayers against whom suits had been instituted by his predecessor, or whether it belongs to the collector who instituted the suits. It is clear that the jurisdiction of this appeal is with us.

The proposition as to who the four per cent belongs to has been definitely decided by the St. Louis Court of Appeals in the case of Watson v. Schnecko, 13 Mo. App. 208, and the opinion in that case answers the argument made by the respondent in the brief presented here.

It is stated in the case of State ex rel. Shannon County v. Hawkins, supra, l. c. 620, that where the

collector collects back taxes he will be allowed certain other compensation as costs—referring to the four per cent—which the delinquent taxpayer must pay to recompense the collector for the various extraordinary steps he is required to take to collect delinquent taxes, and it is held that as to back taxes such collector should receive the extra compensation, from which it logically results that if this extra pay is given for extra labor and work it naturally should go to the man on whom the burden fell of doing the extra work. The sections of the statute above referred to impose duties on collectors with reference to back taxes, including the making out of lists, posting, filing suit and continuing it in his name by the lawyer he has appointed as tax attorney, etc. In this case the facts disclose that all the defendant (the incoming collector) did was to receive the money and to account for it when it was brought in by the delinquent taxpayers after having been sued.

We conclude that the court in the case of Watson v. Schnecko, supra, correctly declared the law, which results in our reversing this judgment and remanding, the cause with directions to the circuit court to set aside its judgment and enter a judgment in plaintiff's favor for the four per cent of the taxes collected in those cases where he instituted suit prior to relinquishing his office, together with interest and costs. It is so ordered. *Sturgis, P. J.,* concurs. *Bradley, J.,* having been of counsel, not sitting.