Wilma KIRKPATRICK, Administratrix of the Estate of Robert Kirkpatrick, Deceased, Appellant,

v.

Billy ROSE, Cape Girardeau County, and Main Street Levee Improvement District, Respondents.

No. 47809.

Supreme Court of Missouri,

Division No. 2.

Feb. 13, 1961.

Motion to Clarify and Modify Opinion Denied March 13, 1961.

Stephen N. Limbaugh, Limbaugh & Limbaugh, Cape Girardeau, for appellant.

Blanton & Blanton, Sikeston, for respondent Bill Rose.

BOHLING, Commissioner.

Wilma Kirkpatrick, as Administratrix of the Estate of Robert Kirkpatrick, deceased, her husband, instituted this declaratory judgment action to determine the rights between her husband's estate and Billy Rose, his successor in office, to certain compensation allowed the Collector of Revenue of Cape Girardeau County, Missouri, her husband having died during his tenure as such Collector. Thereafter, the County of Cape Girardeau, Missouri, and the Main Street Levee Improvement District (organized under Ch. 245*) were made parties to the action. No issue is presented respecting the pleadings. Upon a trial to the court, declarations were entered that plaintiff, as administratrix aforesaid, was indebted to the parties and in the amounts hereinafter stated for collected and unaccounted for taxes; that plaintiff was not entitled to commissions on taxes not collected by Mr. Kirkpatrick or to commissions on anticipated collections of taxes; and that defendant Rose could not be charged with the taxes collected and unaccounted for by Mr. Kirkpatrick. Judgment was entered in favor of the County of Cape Girardeau for $5,700.83, which sum included taxes due the State of Missouri, and in favor of the Main Street Levee Improvement District for $687.64 and against plaintiff, as administratrix aforesaid. Plaintiff has appealed. The real contest is over the rights of Mr. Kirkpatrick and Mr. Rose in the allowable compensation to the collector of said County for fiscal 1957, and briefs have been filed only on behalf of said parties.

Plaintiff's notice of appeal was filed July 24, 1959. She claims relief in excess of $7,500. The County of Cape Girardeau was a party. We have jurisdiction. Mo.Const. Art. V, § 3; § 477.040; Laws 1959, S.B. 7.

The County of Cape Girardeau is a county of the third class. Robert Kirkpatrick was elected Collector of said County in 1954, and took office March 1, 1955. He died November 9, 1957. Billy Rose was appointed and qualified as Mr. Kirkpatrick's successor on November 25, 1957.

Taxes become delinquent on January 1st following the year in which they are due and payable; and this controversy arises from the fact that the collector of said County is allowed a percentage of the taxes collected for his compensation and the conduct of said office, and that the greater part of said taxes is paid annually near the end of the calendar year, a fact disclosed by this record and of which we

* Statutory references are to RSMo 1949, V.A.M.S. and Supplements, unless otherwise indicated.

may take judicial notice (Graves v. Purcell, 337 Mo. 574, 85 S.W.2d 543 [13]). The collections and allowable commissions for the collector's fiscal year beginning March 1, 1957, and ending February 28, 1958, are involved.

Defendant contends Mr. Kirkpatrick's allowable compensation is to be computed on and restricted to the taxes Mr. Kirkpatrick actually collected, that is, $453,271.34. Plaintiff contends said compensation should not be so restricted, but consideration should be given his performance of the duties of the office and the expenses incurred therefor during the fiscal year here involved.

Robert Kirkpatrick made the required monthly statements and settlements of taxes collected for March through October, 1957 (§§ 139.210–139.230), and later a statement of his collection of taxes between November 1st and 9th, 1957, both inclusive, was filed under §§ 52.180–52.200.

For the purposes of our statement we take plaintiff's figures and calculations of the taxes involved. In a few instances the tax figures in defendant's brief differ but do not materially affect the result.

Collector Kirkpatrick, between March 1st and November 9th, 1957, collected $453,271.57 in taxes, of which $35,374.23 were delinquent taxes and $417,897.34 were current taxes.

Collector Rose collected $1,266,742.67 (defendant says $1,267,742.67) in taxes from November 25, 1957, to February 28, 1958, the end of the fiscal year, of which $6,558.31 were delinquent taxes and $1,261,184.36 were current taxes.

The total gross tax collected by said collectors for the fiscal year 1957 was $1,720,014.24 (defendant says $1,721,014.24), of which $41,932.54 were delinquent taxes, and $1,679,081.70 current taxes.

The statement of Mr. Kirkpatrick's collections from November 1st to 9th, 1957, showed $81,944.55. At the time of his death he owed the State and County $77,914.41; Little River Drainage District $2,191.76, and Main Street Levee Improvement District $687.64. (The County Collector does not account to State and County officials for taxes collected for the drainage and levee districts before the court in this case.) He had on hand $74,405.34. With the consent of the interested parties and approval of the court wherein the estate was pending, $2,191.76 was paid said Drainage District. Upon defendant's refusing to accept the $72,213.58 balance, said $72,213.58 was paid to the County Treasurer and, according to the record, disbursed pro rata by him to the recipients of the tax money, including the State of Missouri. This $72,213.58 payment left $5,700.83 owing the State and County, and $687.64 owing Main Street Levee Improvement District; and the judgments entered therefor, mentioned in the first paragraph hereof, are not questioned.

We state the substance of the authorized statutory commissions for the Collector of Cape Girardeau County and the contentions of plaintiff and defendant Rose thereunder:

Item I. He is allowed a commission of 2%, taxed against and payable by the taxpayer, on all delinquent taxes collected. § 52.290.

The parties agree that Mr. Kirkpatrick is entitled to 2% of $35,374.23 for delinquent taxes collected, or $707.48.

Item II. He is required to mail tax statements, at least fifteen days prior to delinquent date, to all resident taxpayers and receipts for all such taxes received by mail (§ 52.230), postage to be furnished by the county court (§ 52.240), and is to receive "one-half of one percent * * * of all current taxes collected, including current delinquent taxes," excluding certain taxes not here involved, "as compensation for mailing said statements and receipts," which compensation is unaccountable in the commissions allowed under §§ 52.260 to 52.280 (§ 52.250).

Plaintiff claims ½ of 1% of $1,720,014.24 total 1957 fiscal current and delinquent taxes collected, for preparing and sending out the tax statements by Mr. Kirkpatrick, or $8,600.07. Defendant contends plaintiff is entitled to ½ of 1% on the $453,271.57 taxes actually collected by Mr. Kirkpatrick, or $2,266.35.

Item III. Under §§ 52.120 and 52.130 he is required to maintain a branch office in the courthouse at Cape Girardeau and to keep specified records and one or more deputies in said office. Section 52.140 provides that he "shall be allowed to retain, in addition to the amount now authorized by law, three-fourths of one percent of all taxes collected to cover the additional expense of maintaining such branch office." See Laws 1915, p. 396.

Plaintiff claims 254/349ths of $12,900.11 (being the ¾ths of 1% of $1,720,014.24 total 1957 fiscal taxes collected) to cover the expense of maintaining said branch office from March 1st to November 9th, 1957, or $9,387.84. (Plaintiff bases this 254/349ths on Mr. Kirkpatrick having maintained the office for 254 days during fiscal 1957, the office being vacant for 16 days, and defendant maintaining the office for 95 days.) Defendant contends plaintiff is entitled to ¾ths of 1% of the $453,271.57 total taxes actually collected by Mr. Kirkpatrick, or $3,399.53.

Item IV. So far as material here, under §§ 52.260(13) and 52.270 (see Laws 1955, p. 368), the annual compensation of the Collector of Cape Girardeau County, based on commissions on current taxes collected, is restricted to $5,500, being based on 1½% of the first $350,000 collected and ½ of 1% on collections in excess thereof.

Defendant and plaintiff agree that Mr. Kirkpatrick collected approximately 25% ($417,897.34) of the taxes involved ($1,679,081.70) and should receive 25% of the $5,500 allowable maximum compensation, or $1,375.00

Item V. Under § 52.280 said collector is authorized to retain for deputy and clerical hire 25% of his maximum compensation under §§ 52.260 and 52.270, the same being payable out of commissions earned and not from general revenue. See Alexander v. Stoddard County, Mo., 210 S.W.2d 107.

Plaintiff claims 254/349ths of the $1,375 of Mr. Kirkpatrick's maximum allowable compensation for deputy and clerical hire (see explanation under "III," above), or $1,000.76. Defendant says this item should be 25% of said $1,375.00, maximum under "IV," above, or $343.75.

Plaintiff states the collector's total allowable commissions for the whole of the 1957 fiscal year were: 2% of $41,932.54 delinquent taxes, or $838.65. ½ of 1% of $1,720,014.24 total taxes collected, or $8,600.07. ¾ths of 1% of $1,720,014.24 for maintaining branch office, or $12,900.11. Maximum allowable retained for compensation to collector, or $5,500. 25% of said $5,500 for deputy and clerical hire, or $1,375. This makes a total compensation of $29,213.83 for the 1957 fiscal year.

Mr. Kirkpatrick retained $16,718.05, and defendant Rose retained $15,482.22, a total of $32,200.27.

Plaintiff does not question defendant's contentions that a county collector has the burden of pointing out the specific statute under which the fees and commissions claimed are authorized (State v. Ludwig, Mo. Banc, 322 S.W.2d 841, 849[11]; State ex rel. Forsee v. Cowan, Mo., 284 S.W.2d 478 [2, 5]); that the statutes are to be strictly construed against the collector (State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399, 403); that services in performing duties of the office for which compensation is not provided are presumed to be gratuitous (the Atterbury and Cowan [4, 5] cases, supra), and that the remedy lies with the General Assembly to correct any inadequacy in the compensation (Maxwell v. Andrew County, 347 Mo. 156, 146 S.W.2d 621, 625[15]).

Item II. Defendant states the tax books cannot be turned over to the county collector until after September 1st as they are subject to change up to that time, and the county clerk has until October 31st if he desires, to deliver said books, citing § 137.290. Provision is found in § 137.260 for corrections by the county clerk in tax books delivered to the county collector. Mr. Kirkpatrick had at least two and after the first part of June, 1957, three deputy collectors. He received a carbon copy of the tax books from the county assessor about the middle of April, 1957. His office then began the indexing of the tax books and the preparation of the tax statements, and worked on the preparation of the tax statements until they started placing them in the mail around September 1st. The mailing was finished about the middle of October. They prepared an original and an office copy of each statement. When tax payments were mailed in and the tax statement accompanied the payment, the statement was simply stamped paid and placed in an envelope addressed to the taxpayer. The testimony was that of the total time consumed in preparing and mailing the tax statements and receipts to taxpayers who paid their taxes by mail not more than ten percent of that time was consumed in mailing the receipts to the taxpayers.

Watson v. Schnecko, 1883, 13 Mo.App. 208, involved litigation over who was to receive the commission for collecting delinquent taxes between a collector who had instituted the suit therefor and his successor in office who had prosecuted the suit to judgment and received payment of the taxes. The statutes then, as now, made no direct provision for ruling the controversy. Sections 6785 and 6842, R.S. 1879, were before the court. Section 6785 classified the counties according to stated minimum and maximum gross collections of taxes and based the collector's compensation on a stated percentage of the revenue collected, except back taxes, for counties within the stated class. Section 6842 authorized a commission of four per cent "for services rendered" on all sums collected on back taxes, the same to be taxed as costs and collected from the party redeeming. Section 6785 was the forerunner of now § 52.260 and § 6842 was the forerunner of now § 52.290, the sections now before the court. The court observed by way of dictum that had the inquiry pertained to the collection of current taxes, it might have no hesitation in saying that the compensation belonged to the collector who collected the tax. Defendant contended that since the legislature provided one rate of compensation for collecting current taxes and a different rate for collecting delinquent taxes, and based the compensation in both instances on the amount collected, the legislative intent was that the officer collecting the tax was the only one to be paid. The court, after reviewing the duties of the collector with respect to suits for delinquent taxes, stated (13 Mo.App. 211, 212): "But the two propositions fail of any logical connection. * * * In our view, the more important provision common to the several regulations, is that the compensation so measured and directed is to be for the 'services rendered' by the officer. We find it difficult to believe that, by this, the law-makers ever intended that the services should be rendered by one officer, while the compensation should go to another.

"* * * It is enough for the present case that the substantial and responsible duties and labors which led up to the collection were performed by and in the name of the plaintiff. * * *" Douglass v. Ray, 199 Mo.App. 24, 199 S.W. 568, followed Watson v. Schnecko, supra. Consult Cameron County v. Fox, Tex.Com.App., 61 S.W.2d 483 [7]; National Surety Corp. v. Sholtz, 123 Fla. 110, 166 So. 213 [1], and Florida cases cited.

■ Sections 52.230, 52.240 and 52.250 placed the stated additional duties on collectors of third class counties and "as compensation for mailing said statements and receipts" authorized an additional compensation therefor. This additional compensa-

tion is for the labor, time, and expense incurred in the performance of the extra duties imposed, and the natural legislative intent would be to reimburse and compensate the one who paid the expense and discharged the duties. One who performs a part only of the additional duties cannot well be held to be entitled to the whole of the additional compensation earned and expense incurred. There is no contention here by any agency, state, county, or other, that this statutory compensation was not earned. As between plaintiff and defendant, the record establishes that ninety per cent of this additional compensation was earned while Robert Kirkpatrick discharged the duties of collector and ten per cent was earned while defendant held the office. This item should be so distributed between plaintiff and defendant. This is in accord with the reasoning in Watson v. Schnecko and Douglass v. Ray, supra, notwithstanding the differences in the facts involved. Taking judicial notice that the greater part of the taxes is paid near the end of the calendar year (the record shows $1,121,048.77 was collected in December, 1957), the General Assembly must have intended that the authorized commissions for the months of heaviest tax payments would reimburse the collector for expenses advanced in months of the fiscal year when said commissions failed to meet the expenses of the collector's office (Graves v. Purcell, supra, 85 S.W.2d 543 [13]). To sustain defendant's contentions would permit him under this record to receive compensation for extra duties never performed and payment for expenses never incurred or paid by him, and permit him to unjustly enrich himself through compensation earned by and expenses paid by his predecessor in office.

■ Item III. For the maintenance of the branch office (§ 52.120) with the proper books and deputies therein (§ 52.130), said collector is "allowed to retain, in addition to the amount now authorized by law, three-fourths of one per cent of all taxes collected to cover the additional expense of maintain-ing such branch office" (§ 52.140). The statutes contemplate that said office be open throughout the whole of the collector's fiscal year. Defendant was sworn in as Mr. Kirkpatrick's successor on November 25, 1957. Mr. Kirkpatrick incurred and became liable for the expenses and discharged said duties between March 1st and November 9th, 1957, both inclusive. The reasoning and ruling on "Item II" applies to these additional duties and expenses of the branch office discharged and paid by Collector Kirkpatrick as between his estate and his successor. Plaintiff's position, based on Mr. Kirkpatrick's maintaining the branch office for 254 of the 349 days it was open during the fiscal year 1957, is that she is entitled to 254/349ths of the total commissions authorized under § 52.140. There was testimony to the effect that the expense of maintaining a collector's office increases somewhat at taxpaying time. The additional compensation here involved is "to cover the additional expense of maintaining such branch office." We conclude the rights of Collector Kirkpatrick's estate and Collector Rose to said extra compensation should be in the proportion the bona fide expense incurred by each bears to the sum thereof for maintaining said branch office for the collector's 1957 fiscal year, and should not be allocated between said claimants on a per diem operation of the office unless other more equitable methods are unavailable.

■ Items IV and V. Under § 52.260 (13) said collector's compensation is a commission based on specified current taxes and licenses collected, but under § 52.270 cannot exceed $5,500; and under § 52.280 he is allowed to retain additional commissions for deputy and clerical hire but "not to exceed twenty-five per cent" of his maximum compensation. The total commission under § 52.260(13) here involved exceeded said $5,500. Plaintiff's position is that Mr. Kirkpatrick collected approximately 25% of the total collections involved, and she is entitled to 25% of said $5,500 maximum for his compensation, or $1,375. Defendant

states he has no complaint about this contention of plaintiff. Thus, the parties agree on Mr. Kirpatrick's compensation. Plaintiff, however, takes the position that Mr. Kirkpatrick was entitled to 254/349ths (see plaintiff's position under Item III, above) of said $1,375 (Mr. Kirkpatrick's agreed upon compensation), or $1,000.76, for deputy and clerical hire. Defendant's position is that since plaintiff is committed to a compensation of $1,375 for Mr. Kirkpatrick, plaintiff is entitled to only 25% thereof for deputy and clerical hire under § 52.280, supra, or $343.75. Defendant's position is in accord with the provisions of § 52.280 and is sustained, as plaintiff's contention ignores and is not based on the statutory maximum of 25% of Mr. Kirkpatrick's compensation.

The judgment is reversed and the cause is remanded with directions to permit the recoveries by the County of Cape Girardeau and Main Street Levee Improvement District to stand against plaintiff, as administratrix aforesaid, the payment of which reduces the commissions retained by Mr. Kirkpatrick by the principal sum involved, and with directions to take such further proceedings as are proper for the entry of a declaratory judgment in conformity with this opinion as to the rights of plaintiff, as administratrix aforesaid, and defendant Rose in and to the gross compensation due the office of Collector of Cape Girardeau County for the fiscal year 1957.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.

