GALBREATH, *Appellant*, v. THE CITY OF MOBERLY.

1.  **Pleading**: PRACTICE.   Where the replication simply denies the allegations in the answer of a final settlement, the evidence will be confined to the issues thus made.

2.  **Instructions, Review of.**  It is unnecessary to review instructions when the result of the trial could not lawfully be otherwise than it is.

3.  **Officer**: SALARY: PRESUMPTION: ESTOPPEL.   An officer of a city government must be presumed to have knowledge of the ordinances or orders establishing and continuing his salary, and where the city has paid him the salary it regarded as due him, and he has received it as such, he is estopped from claiming more.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Hollis & Wiley* for appellant.

A municipal corporation cannot, by simple order or resolution, placed upon the minute book of the clerk, do what its charter expressly says must be done by ordinance. 1 Dillon Munic. Corp., p. 173, § 55; *Ib.*, 362, § 246; *Ib.*, 364, § 249; *Saxton v. Beach*, 50 Mo. 488; *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316. The defendant could fix the salary of plaintiff by ordinance only. The doctrine of estoppel cannot be applied to plaintiff when he acted in ignorance of his rights, and by the inducement and negligent or wrongful acts of defendant.

*Wm. B. Sanford* for respondent.

The plaintiff was bound to know what his salary as marshal was. *Boucher v. City of Moberly*, 74 Mo. 116. He was estopped from asserting this claim. "A settled account is *prima facie* correct, and will not be disturbed, except for fraud or mistake in the settlement." *Kennedy v. Goodman*, 15 N. W. Rep. 834; *Kronenberger v. Bing*, 56 Mo. 122.

MARTIN, C.—This was an action for $578, claimed to be due to plaintiff on account of salary as marshal of the city of Moberly.

The plaintiff alleges in his petition that according to an ordinance of the city, approved July 5th, 1875, the salary of the city marshal was fixed at the sum of $75 per month; the he was elected to the office in August, 1877, and was twice re-elected, in April, 1878, and in April, 1879; and that he held the office from August 1st, 1877, till April, 1880. He files an exhibit with his petition, showing that he was paid every month during the whole time of his service, at the rate of $60 per month. This suit is for the difference between $60 per month, which he received, and $75 per month, as established in the ordinance.

The defendant, in its answer, admits the original valid-

ity of the ordinance and the election of plaintiff as marshal, and his services in that capacity during the time claimed. But it denies that the ordinance was in force while plaintiff was marshal. It alleges that before his election to the office the salary attached to it was reduced to $60 per month by resolution of the city council. The answer then proceeds to plead monthly settlements with plaintiff at the rate of $60 per month, and a final settlement with him at the expiration of his term of office for salary as marshal and for fines collected by him in that capacity. It is alleged that at this final settlement a balance was found due from plaintiff to defendant in the sum of $63, which was subsequently paid by plaintiff, and that at no monthly, annual or final settlement did the plaintiff ever make claim to more than $60 a month.

To this answer the plaintiff filed a replication of general denial.

At the trial of the case, a jury being waived, it appeared in evidence that the resolution reducing the salary before plaintiff became marshal, was passed by the city council. It was contended by plaintiff that this reduction and consequent repeal could be effected only by ordinance, and that the ordinance fixing the salary at $75 a month continued in force during the whole term of his service. The balance of the answer relating to the monthly, annual and final settlements, was proved as alleged.

The plaintiff, in his testimony as a witness, admitted it substantially as alleged, and as sole excuse for attempting to go behind them in his suit, says that at the time of making them he supposed the council had passed a valid ordinance reducing the salary to $60 a month, and did not know any better till after the settlements. The court found the issues in favor of defendant, and rendered judgment accordingly, from which the plaintiff has appealed.

The judgment will have to be affirmed for two reasons, either one of which is sufficient.

The defendant, in its answer, made plea of a complete

and final settlement of the plaintiff's claim for salary. The plaintiff, in his replication, simply denied the fact of such settlements. The issue thus established by the plea and replication, was the fact of a settlement or no settlement. No fraud or mistake, capable of avoiding the settlements, will be found in the replication, and consequently no such impleaded facts were admissible for the purpose of impeaching them. The evidence coming from both sides established the settlements, and a judgment for defendant was the only one the court could legally give in the case. It is, therefore, unnecessary to review instructions when the result of the case could not lawfully be otherwise than it is.

If the issues had been framed so as to admit of the plea of fraud or mistake tending to impeach the settlements, there was no evidence of either. As an officer of the city government, the plaintiff must be presumed to have knowledge of the ordinances or orders establishing and continuing his salary. If, in truth, he had no such information, he has no one to blame but himself. Certainly no misrepresentation or fraud was practiced on him by the city. She paid him during his term of service the salary which she regarded as due him in pursuance of the resolution or order of the council, and he received it as such, and this, under the circumstances disclosed in the evidence, should be the end of his claim for salary. The facts pleaded and proved constitute an estoppel.

Judgment affirmed. All concur.