CONSOLIDATED CABS, INC., Appellant,

v.

CITY OF KANSAS CITY, Missouri,
Respondents.

No. 30299.

Missouri Court of Appeals,
Western District.

July 31, 1979.

As Modified on the Court's Own Motion
Sept. 4, 1979.

Gary E. Lowe, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Dan G. Jackson, III, Asst. City Atty., Kansas City, for Kansas City, Missouri and Keith W. Graham.

Larry L. Brummet, Kansas City, for intervenor William P. Dillard, Jr.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from circuit court order denying appellant's petition for review.

Appellant raises two points on appeal. First point alleges the trial court erred in finding that the Small Business Administration (hereinafter referred to as the S.B.A.) was a "Holder of Permits" as required by Kansas City, Missouri Rev. Ordinances, Chapter 33 (hereinafter referred to as Chapter 33); and the circuit court erred in finding appellant had no legal standing to pursue this cause of action because of § 351.535, RSMo 1978.

Appellant is a corporation operating a taxicab service in the metropolitan area of Kansas City, Missouri. The operation of taxicab services within the corporate limits of respondent city, Kansas City, Missouri, is regulated by Chapter 33. As part of the regulatory process, taxicab permits are issued annually to applicants approved by the city.

Each year, appellant received renewal of 24 taxicab permits from the city. On October 12, 1967, appellant obtained a loan from the Small Business Administration for the sum of $53,000. As proof of the indebtedness, appellant executed its promissory note and a security agreement which pledged collateral for the loan, and said collateral included the 24 taxicab permits.

Effective January 1, 1975, appellant's corporate charter was forfeited by the Missouri Secretary of State pursuant to §§ 351.525 and 351.535, RSMo 1978. Even though appellant's charter had been forfeited, respondent city continued to renew the 24 taxicab permits.

Appellant apparently suffered sufficient financial loss to cause it to file a voluntary petition in bankruptcy. This cause was filed in the United States District Court, Western District of Missouri, and on October 2, 1973, appellant was adjudicated a bankrupt.

The bankruptcy court ordered appellant's secured creditors to take possession of items subject to their security interest. The S.B.A., under this order, took control of the 24 taxicab permits. The S.B.A. then advertised and held a sale of the assets of appellant, including the 24 taxicab permits.

In response, appellant filed suit against respondent city and the S.B.A., asking for declaratory judgment prohibiting the sale of the taxicab permits. Appellant contended such sale is a violation of Chapter 33, § 33.30, which provides:

"No permit issued under the provisions of this code shall be transferred except after submission of an application pursuant to section 33.27 and grant of such application following a hearing thereon in accordance with section 33.28. The applicant for such transfer shall file with his application the consent, in writing, of the former holder of such permit and shall comply with all the terms and provisions of this code."

This cause was removed to the United States District Court, Western District of Missouri, and in entering its order dismissing appellant's cause with prejudice, the U.S. District Court concluded that appellant's claim was subject to the defense of collateral estoppel because it was the same issues and the same parties and included matters which could have been adjudged in the bankruptcy proceedings. The court held appellant's failure to appeal the order of the bankruptcy court in transfer of the interest in the 24 permits could not again be litigated. The United States Circuit Court of Appeals, 8th Circuit, affirmed the U.S. District Court ruling. In essence, the United States District Court ruled the 24 permits and all interests therein were transferred to the S.B.A. under the order of the bankruptcy court. (See *Consolidated Cabs*,

*Inc. v. City of Kansas City, Missouri et al.,* 8th Cir., 566 F.2d 1178.)

On February 9, 1978, respondent city, through its officer, Keith Graham, Administrator of Taxicabs and Livery Vehicles, Transportation Department, conducted a hearing in the matter of the transfer of the 24 taxicab permits from appellant to intervenor, Dillard Cab Company. The administrator found the transfer valid and ordered the permits transferred. From that order, appellant filed its petition for review of same in the circuit court. The circuit court upheld the order of the administrator, finding that the S.B.A. was a "holder of permits" under the ordinance of the city and that the appellant had no legal standing to bring the present action within the meaning of § 351.535, RSMo 1978.

■ On this appeal, our review under Chapter 536, RSMo 1978 is limited. Our function is to determine whether the decision of the administrative agency was supported by substantial and competent evidence. The reviewing court is not permitted to weigh the sufficiency of the evidence or to substitute its decision for that of the agency. See *Greene County v. Hermel, Inc.,* 511 S.W.2d 762 (Mo.1974), appeal after remand, 564 S.W.2d 888 (Mo. banc 1978).

■ Careful scrutiny of the transcript, exhibits and the proceedings in the federal courts leads to the inescapable conclusion that there was substantial and competent evidence for the Administrator of Taxicabs and Livery Vehicles, Transportation Department of and for the City of Kansas City, Missouri and the circuit court of Jackson County to conclude the S.B.A. was a "Holder of Permits" and that appellant had no standing to bring this action for review within the meaning of § 351.535, RSMo 1978.[1]

■ The record clearly establishes the federal bankruptcy court ruled the S.B.A. acquired title and interest in the 24 permits,

and inherent therein was the power to transfer said permits to a bona fide purchaser. Appellant did not challenge that order and under the decision of the United States District Court, affirmed by the Circuit Court of Appeals, 8th Circuit, appellant was estopped from making a collateral attack upon that order.

■ As to its standing, the record is completely supportive of the conclusion that appellant has no standing to sue or be sued within the meaning of § 351.535, RSMo 1978 because of the forfeiture of its charter effective January 1, 1975.

■ As to the question of laches or estoppel premised upon the continued issuance of the 24 permits, it must be pointed out that during this time, there existed pending litigation between the same parties in another lawsuit. During this period, the 24 permits continued to be issued to appellant by respondent, and as regards the parties relative to the permits, this amounted to nothing more than maintenance of the status quo by the parties pending this litigation.

Likewise, during this same period, appellant's corporate status was forfeited under and pursuant to § 351.535, RSMo 1978. There followed the petition for review and from that proceeding, a finding was made by the trial court that appellant had no standing within the meaning of § 351.535, RSMo 1978.

Appellant now contends that since respondent continued to issue the 24 permits, even subsequent to the forfeiture of appellant's charter, respondent is estopped to raise the question of appellant's standing.

The trial court, under all the evidence, properly found appellant had no bona fide standing and the mere action by respondent in continuing to issue the 24 permits cannot be now construed as an estoppel.

---

1. "No corporation shall maintain an action in any court of this state for the collection of bills or accounts payable or for the enforcement of a contract, made while such corporation is in suspension, or after the forfeiture of its certifi-

cate, or certificate of authority under the provisions of this chapter, unless it shall have first been reinstated, or the forfeiture entered against it rescinded as in this chapter provided." (§ 351.535, RSMo 1978)

Equitable estoppel has been defined in *White v. Smith*, 440 S.W.2d 497 (Mo.App. 1969). This case, at 503, states, " 'To constitute an estoppel in pais the party against whom it is claimed must have done some act or pursued some course of conduct with knowledge of the facts and of his rights and thus have misled the other party to his prejudice.' "

The evidence fails to show that appellant was misled or prejudiced in any way by the mere continued issuance of the 24 permits, which would bring such action within the doctrine of estoppel.

The order of the circuit court is in all respects affirmed.

All concur.