**G. M. MORRIS BOAT COMPANY, INC.,**
**A Corporation, Plaintiff-Appellant,**

v.

**Gary BISHOP and Madelyn Bishop, his**
**wife, et al., Defendants-Respondents.**

**No. 12294.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 12, 1982.

Joe W. Collins, Sam G. Hopkins, Stockton, for plaintiff-appellant.

Joseph B. Phillips, Phillips & Phillips, Stockton, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff sought to quiet title to real estate in possession of defendants. Plaintiff contends that the interest previously held by a railroad company in the property terminated and reverted to the adjoining owners when the railroad ceased using the property for railroad purposes. Plaintiff is the owner of adjoining property and seeks to quiet title up to the center of the property previously used by the railroad. Defendants claim fee simple title to the property as successors to the railroad's interest through a series of conveyances after the property was no longer used for railroad purposes.

The trial court made the following findings of fact:

"1) The disputed land, along with other land, was deeded by Henry S. Caulfield of the City of St. Louis and the State of Missouri to the Kansas City, El Dorado and Southern Railway Company, a corporation, on the 7th day of August, 1899, by quit-claim deed. Said deed conveyed a three-cornered tract of land out of the middle of a seven-acre tract of land, to the railroad for the purposes of a 'wye' track in El Dorado Springs, which by having three points and curved tracks in between, provided a place to turn a railroad engine around at the end of the railroad line, which was El Dorado Springs, Missouri.

2) Said quit-claim deed is in the standard form to convey fee simple title except for a tail attached at the end of the habendum clause which says 'for the purpose of a right of way for said company.'

3) A year or two later, said Henry S. Caulfield deeded his remaining lands in the area by deed recorded at Book 67, page 454 of the deed records of Cedar County, and expressly excepted from that conveyance the deed to the railroad previously mentioned, and also excepted other prior deeds of Grantor.

4) The lands around the railroad, between 1899 and January 5, 1971, when the railroad ceased to operate and later, were conveyed by various conveyances until the plaintiff became the owner of a tract lying immediately to the North and East of the disputed tract prior to bringing this action.

5) That on March 29, 1971, the Missouri, Kansas, and Texas Railroad Company, the successor in interest to the original railroad company, conveyed all the land in dispute and other lands in the 'wye' to private non-railroad parties by various conveyances. The present defendants, Gary Bishop and Madelyn Bishop, and Willard W. Daugherty and Marcella K. Daugherty became the owners of different parts of the disputed tract.

6) That between the time of January 5, 1971, and November 15, 1979, defendants and their predecessors in interest, after conveyance by the railroad, had taken possession of the disputed land, leveled and improved it, and used it openly and notoriously for all that period of time.

7) That neither plaintiff nor any of its predecessors in title claimed any right,

title, or interest in the disputed land prior to November 15, 1979. In fact, George M. Morris, the principal owner of G. M. Morris Boat Company, Inc., a corporation, individually leased the land from Elna Corporation, who was one of the successors in interest to the railroad to the disputed land under the quit-claim deed of the railroad, and neither George M. Morris, personally, or G. M. Morris Boat Company, Inc., made any claim to the disputed land prior to November 15, 1979, with the filing of this law suit. That defendants have made improvements to the land and it has risen in value tremendously since the conveyance by the railroad and the ceasing of railroad activities upon the land.

8) There is no evidence that the deed from Henry S. Caulfield to the railroad was not for good and valuable consideration or that it was a 'voluntary' conveyance.

9) Plaintiff has offered no evidence to their ownership of the disputed tract, other than the deed from Henry S. Caulfield to the railroad in 1899, and the fact that they are presently the owners of the land bounding the disputed land on the North and East."

The only consideration recited in the 1899 quit claim deed to the railroad was "One Dollar". There was no evidence of any other consideration for that conveyance. The trial court concluded that the reference to right of way in the habendum clause of the deed was "descriptive rather than a limitation upon the conveyance". It found that the railroad acquired a fee simple title to the property in 1899 and also that plaintiff was "barred by the principles of estoppel and laches from making any claim to the disputed real estate".

We first consider what interest was acquired by the railroad through the quit claim deed from Henry S. Caulfield. For convenience we will refer to the interest which plaintiff contends was conveyed to the railroad as an easement, although that may not be correct in a technical sense. See *Springs v. Cantrell*, 539 S.W.2d 318, 320 (Mo.App.1976). The 1853 general railroad corporation law provided that real estate a railroad "received by voluntary grant shall be held and used for the purpose of such grant only." Laws of 1853, p. 121, § 28, subpar. 2d, p. 134. Now § 388.210(2), RSMo 1978. It was in effect at the time of Caulfield's deed to the railroad. This section has been construed to mean that an interest in land acquired by a railway company without valuable consideration is an easement no matter what interest the deed purported to convey, and this easement ceases to exist when the land is no longer used for railroad purposes. *Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co.*, 328 Mo. 1118, 43 S.W.2d 817, 821–822 (banc 1931).

Defendants contend that *Clay v. Missouri State Highway Commission*, 362 Mo. 60, 239 S.W.2d 505, 508 (1951) holds that to be a voluntary grant under this statute, the conveyance must be without consideration and the deed must specify that it is for railroad purposes only. We do not read the case that way and other decisions indicate that both are not required before an easement is created. Even if the deed had recited that the parties intended to convey the fee, that could not have been done if by statute the railroad could not take a fee interest. *State ex rel. State Highway Commission v. Union Electric Co. of Missouri*, 347 Mo. 690, 148 S.W.2d 503, 505–506 (1941). Not only must the railroad company have the capacity to take a fee in such a situation, *Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co.*, supra, 43 S.W.2d at 821–822, but the deed must also be read with the limitations and conditions which this section places on it. *Brown v. Weare*, 348 Mo. 135, 152 S.W.2d 649, 653, 136 A.L.R. 286 (1941). If there was no valuable consideration for the deed from Henry S. Caulfield, it created an easement even if it purported to convey a fee simple interest. *Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co.*, supra, 43 S.W.2d at 822. See also *Quinn v. St. Louis-San Francisco Railway Co.*, 439 S.W.2d 533, 535 (Mo. banc 1969).

■ In *Brown v. Weare*, supra, the deed recited consideration of one dollar and there was no other evidence of the consideration. The court held that the deed being within the rule of ancient deeds, its recitals were evidence of the fact there stated. 152 S.W.2d at 653. It held that one dollar was not substantial consideration and that the deed constituted a voluntary grant within the statute. 152 S.W.2d at 654. Based upon that ruling, we must hold that the deed to the railroad here conveyed only an easement. See also *Weeks v. Missouri Pacific Railroad Company*, 505 S.W.2d 33 (Mo. 1974). In addition, the expression or limitation of the use to which the property is to be put is a decisive factor in determining if it is an easement or the grant of a fee. See *Quinn v. St. Louis-San Francisco Railway Co.*, supra, 439 S.W.2d at 535. Where the interest conveyed is "for right of way" the estate conveyed is an easement only. *Schuermann Enterprises, Inc. v. St. Louis County*, 436 S.W.2d 666, 669 (Mo.1969). See also *Brown v. Weare*, supra, 152 S.W.2d at 652 and 656.

■ When a railroad ceases to use for railroad purposes property over which it has an easement, the original owners or their grantees thereafter hold the property free from the burden of the easement. *Weeks v. Missouri Pacific Railroad Company*, supra, 505 S.W.2d at 36. When use of an easement for railroad purposes ceases, in the absence of contrary evidence, title to the fee is presumed to be in the abutting land owners to the center of the way. *Brown v. Weare*, supra, 152 S.W.2d at 654–655; *Springs v. Cantrell*, supra, 539 S.W.2d at 320.

■ Defendants contend that even if an easement was granted, plaintiff has no interest in the underlying fee because when Caulfield conveyed the tract that the easement was a part of, he retained ownership of the underlying fee by stating in the deed: "except such part of said land thereafter conveyed by said Henry S. Caulfield to the Kansas City Eldorado and Southern Railway Company". A similar contention was recently denied in *Cravens v. Jolly*, 623 S.W.2d 569 (Mo.App.1981). We believe that holding is applicable here. See also *Brown v. Weare*, supra, 152 S.W.2d at 655–656. We conclude that the underlying fee passed with the adjoining property. There was no other evidence that plaintiff, as an adjoining owner, did not own to the center of the easement and thus we hold that it does.

The remaining question is whether plaintiff is prevented from claiming title to the real estate because of estoppel or laches. Defendants claim that plaintiff's president by leasing the land in dispute, and plaintiff in failing to make a claim to the land while defendants and their predecessors improved it, bars plaintiff from now claiming ownership of the land.

■ Laches is an equitable doctrine not applicable to actions at law. *UAW–CIO Local # 31 Credit Union v. Royal Insurance Co., Ltd.*, 594 S.W.2d 276, 281 (Mo. banc 1980). Plaintiff's suit here based on a claim of legal title to the property is an action at law and laches is not a defense. *Cullen v. Johnson*, 325 Mo. 253, 29 S.W.2d 39, 43 (1930); *Kellogg v. Moore*, 271 Mo. 189, 196 S.W. 15, 16 (1917); *Chilton v. Nickey*, 261 Mo. 232, 169 S.W. 978, 980 (1914).

■ However, equitable estoppel is a defense to an action at law. *UAW–CIO Local # 31 Credit Union v. Royal Insurance Co., Ltd.*, supra, 594 S.W.2d at 281. Estoppel is an affirmative defense under Rule 55.08 and as defendants assert it they had the burden of proving it. *Peerless Supply Company v. Industrial Plumbing & Heating Company*, 460 S.W.2d 651, 666 (Mo. 1970); *Mairs v. Knifong*, 557 S.W.2d 682, 686 (Mo.App.1977). Estoppel should be applied with care and caution and only when all elements constituting estoppel clearly appear. *Kind v. Staton*, 409 S.W.2d 253, 257 (Mo.App.1966). Estoppels are not favorites of the law and will not be lightly invoked. *State ex rel. Southland Corporation v. City of Woodson Terrace*, 599 S.W.2d 529, 531 (Mo.App.1980); *John Hancock Mu-*

*tual Life Insurance Company v. Dawson*, 278 S.W.2d 57, 60 (Mo.App.1955).

 To constitute equitable estoppel the party against whom it is claimed must have acted or pursued some course of conduct with knowledge of the facts and his rights. *Consolidated Cabs, Inc. v. City of Kansas City*, 586 S.W.2d 743, 746 (Mo.App.1979); *White v. Smith*, 440 S.W.2d 497, 503 (Mo. App.1969). At the time he leased the property there was no showing that George M. Morris had actual knowledge that plaintiff had a claim to the land. There was no evidence that plaintiff, at the time of the improvements, had actual knowledge that it might have a claim, that defendants had no such knowledge, and that plaintiff failed to notify defendants of that claim.

Silence without knowledge will not work an estoppel; the conduct of the party alleged to be estopped must be viewed in the light of the understanding he had of his rights at the time the one seeking to invoke estoppel acted and not in the light of what may have been learned later, or as such rights may thereafter be determined. *Wilkinson v. Lieberman*, 327 Mo. 420, 37 S.W.2d 533, 536 (1931). Estoppel does not apply when the only knowledge shown is constructive notice of recorded instruments as that knowledge would be the same for both parties and equal means of knowledge bars estoppel. *Mairs v. Knifong*, supra, 557 S.W.2d at 686. Constructive knowledge of what records show is not sufficient to base a claim of estoppel, actual notice is required. *Starr v. Bartz*, 219 Mo. 47, 117 S.W. 1125, 1129 (1909).

The most that could be said regarding knowledge of plaintiff's claim to the land at the time of the acts on which defendants' claimed estoppel is based was that the parties had constructive knowledge or equal knowledge of the facts. Therefore, estoppel would not apply.

The judgment is reversed and the cause remanded for the entry of a judgment quieting title in plaintiff to the disputed real estate.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.