Harry SMITH, a/k/a Harry W. Smith, individually and as Personal Representative of the Estate of Belvia M. Smith, deceased, Plaintiffs–Respondents,

v.

Beatrice CHRISTOPHER, Defendant–Appellant,

and

Geneva Snodgrass, Milton Smith, Ella Roberson, Belvia June Martin, Cathern Miller, and Allen Smith, Defendants–Respondents.

No. 14895.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 30, 1987.

Melvin E. Carnahan, Carnahan, Carnahan & Hickle, Rolla, for defendant-appellant.

John Z. Williams, Williams, Smallwood & Crump, Rolla, for plaintiffs-respondents.

PREWITT, Presiding Judge.

Plaintiffs (one individual acting in two capacities individually and as personal representative of the estate of Belvia M. Smith) sought declaratory judgment to determine the amount due on a promissory note signed by defendant Beatrice Christopher payable to and held by the estate of Belvia M. Smith. In dispute was whether Beatrice Christopher was obligated to pay interest on the amount represented by the note. The trial judge, sitting without a jury, found that she was. Beatrice Christopher appeals from that determination.

The promissory note was for $72,500. It stated that appellant was to make principal payments of not less than $5,000 annually and that interest was payable "at the rate of 7% per cent, per annum". The note was given in payment for the purchase of a farm owned by decedent. A deed of trust securing the payment of the note was a lien on that farm. The original of the note was undated, but a copy attached to the deed of trust was dated August 30, 1974. That was also the date of the deed of trust.

Appellant presented testimony of statements by the decedent after the note was signed that appellant was not required to pay interest on the note.[1] Respondents then presented testimony that decedent said after the note was made that she intended to receive interest on it. Appellant's first point contends that the trial court erred in admitting the latter testimony.

■ In their brief "[r]espondents concede such testimony is hearsay" and "further concede that before enactment of § 491.010, RSMo.1986, such testimony would not be admissible." We start with this premise and therefore consider only whether § 491.010 makes this testimony admissible. That section replaced what previously was referred to as the "Dead Man's Statute". Whether that title is now appropriate we need not consider. Section 491.010.2 states:

2. In any such suit, proceeding or probate matter, where one of the parties to the contract, transaction, occurrence or cause of action, or his agent in such matter, is dead or is shown to be incompetent, and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party or agent or by the incompetent prior to his incompetency, shall not be excluded as hearsay, provided that in trials before a jury, the trial judge shall first determine by voir dire examination out of the hearing of the jury that the declarant would have been a competent witness and that his alleged statement or statements would have been admissible in evidence if he were available to testify.

That subsection provides as a prerequisite to the admission of "any relevant statement or statements made by the deceased party" that the adverse party shall have testified. Respondents acknowledge that as appellant did not testify the literal wording of the section would make the testimony inadmissible. However, respondents state that it was made admissible because appellant submitted interrogatories specifically directed toward any statements made by the decedent about interest on the note and because appellant elicited testimony from non-party witnesses regarding such statements.

---

1. The parol evidence rule has not been raised and it is unnecessary for the disposition here to consider it. See *State Bank of Fisk v. Omega Electronics, Inc.*, 634 S.W.2d 234, 237 (Mo.App. 1982).

Respondents compare this situation to the waiver of the "Dead Man's Statute", stating that the reason for the waiver was to place the parties "on an equality". Respondents assert that this "principle should apply with like effect under the new statute even though the party protected is in effect reversed." Respondents contend that "it is fundamentally unfair to allow Appellants [sic] to introduce into evidence statements by the decedent to the effect that she waived or forgave payment of interest and at the same time to deny Respondents the opportunity to introduce relevant evidence in rebuttal."

We see no basis to treat this situation like a waiver of the previous Dead Man's Statute. It allowed most interested parties to testify but excluded all or part of their testimony if death or incompetency silenced certain other persons. If the party benefited by the exclusion chose not to rely on it, then those benefits were waived. See generally Comment, Howard S. Bishop Jr., Waiver of the Missouri Dead Man's Statute, 39 Mo.L.Rev. 218 (1974). Here, if the living party or his agent wishes to testify in certain respects, then other witnesses may testify to "relevant" statements by the decedent. Appellant did not have any protection to waive and we see no similarity to the rationale of the waiver of the Dead Man's Statute.

Under the plain wording of this statute it does not make such statements admissible unless the adverse party or his agent testifies. That did not occur here. Former § 491.010 disqualified a witness when he was the surviving party to a contract or cause of action in issue and on trial, but not others, including a spouse of a disqualified party. See Estate of Brown v. Fulp, 718 S.W.2d 588, 591 (Mo.App.1986). Similarly, it should only be the testimony of "the adverse party or his agent" which would make statements of the deceased admissible under § 491.010.2. Neither testified here, so that statute is of no aid to respondents. Where a statute admits of no exception, this court should not create one.

State v. Cummings, 724 S.W.2d 316, 318 (Mo.App.1987).

We agree with appellant that this evidence is not proper, at least against the contention that § 491.010 made it admissible. However, that is not dispositive of the appeal because the trial court determined as a matter of law that a gratuitous discharge of payment of interest on a promissory note must be in writing. As that did not occur, if the trial court is correct, the interest is owed no matter what decedent later intended. Appellant's remaining point contends that the trial court was erroneous in its determination on this issue.

■ Under the Uniform Commercial Code as adopted in Missouri, §§ 400.3–605(1) and 400.3–601(2), RSMo 1986, have been construed to mean that a gratuitous discharge of a negotiable instrument must be in writing. Brunswick Corporation v. Briscoe, 523 S.W.2d 115, 122 (Mo.App. 1975); Burns v. Beeny, 427 S.W.2d 772, 774 (Mo.App.1968).[2]

Appellant contends that the trial court erred in relying on such holdings because "reliance in this case was mistaken as those provisions have to do with total discharge of an instrument, not merely forgiveness of interest." If appellant is correct that a partial discharge does not have to be in writing, then a complete oral forgiveness of a negotiable instrument could be done piecemeal. The holder could, as appellant claims occurred here, first forgive interest and then in one or more steps forgive principal. A partial forgiveness could be made by forgiving all but one dollar. If total gratuitous forgiveness requires a writing, then any partial forgiveness should also. Otherwise, the rule requiring a writing would have no force and the apparent purpose of the rule, to prevent false claims of forgiveness, would be thwarted. The trial court's determination that a writing was required to forgive interest was correct.

2. The note appears to be a "negotiable instrument". See § 400.3–104, RSMo 1986. The parties have so treated it and we do likewise.

Also, under this point appellant contends that "waiver and estoppel" should apply to prevent her from having to pay the interest "irrespective of whether such waiver was oral or written." The cases cited by appellant are *Edwards v. Smith,* 322 S.W.2d 770 (Mo.1959), *Rayburn v. Atkinson,* 206 S.W.2d 512 (Mo.1947), and *In re Jamison's Estate,* 202 S.W.2d 879 (Mo. 1947).

*Edwards v. Smith* involved a claim of wrongful foreclosure asserting that the defendants by words and conduct had induced the plaintiffs to believe that a method of payment they had adopted, not in conformance with the note, would not lead to foreclosure of the mortgage. The court held for plaintiffs on the theory "that the agreement would constitute a waiver or estoppel to invoke the acceleration clause until after the mortgagee has given reasonable notice that he will no longer be bound by his gratuitous agreement." *Edwards,* at 776. The court stated that this principle is sometimes referred to as "waiver", and sometimes as "promissory estoppel".

In *Rayburn v. Atkinson,* specific performance of a contract for the sale of real estate was sought. The principle applied there was that strict performance of a contract, even where time is of the essence, may be waived by the party entitled to it, and such waiver may be made either in writing or orally. Here, of course, there is no question of strict performance as obviously that did not occur. The question is whether performance by paying interest is required.

In re *Jamison's Estate* involved a decedent who had assured his sister before she entered into a contract with a brokerage house, which he guaranteed, that he would "watch the account ... and assume any loss thereon." When his estate sought reimbursement for payment under the guarantee the court, applying estoppel, denied the recovery.

■ The facts of the cases cited by appellant are not similar to the present one, nor does the principle of "waiver" or "estoppel" sustain appellant's point. Estoppels are not favorites of the law and will not be lightly invoked. *G.M. Morris Boat*

*Co. v. Bishop,* 631 S.W.2d 84, 88 (Mo.App. 1982). As such, estoppel should be applied with care and caution and only when all elements clearly appear. *Id.*

■ "Equitable estoppel" or "estoppel in pais" precludes one from denying an express or implied admission that another person has in good faith accepted and acted upon. *Southgate Bank and Trust Co. v. May,* 696 S.W.2d 515, 520 (Mo.App.1985). To raise the estoppel there must be (1) an admission, statement or act inconsistent with a claim later sued upon; (2) action by the other party on the faith of such conduct; and (3) injury to the other party if the first party is allowed to contradict or repudiate its original admission, statement or act. *Id.* 696 S.W.2d at 520–521. See also *In re Jamison's Estate,* supra, 202 S.W.2d at 887.

■ The evidence does not establish that it was because of statements made by the decedent that caused interest not to be paid, although that might have been a permissible inference from the evidence. Nor does the record reveal injury to appellant. She has had the use, at a reasonable rate of interest, of the money that could have been paid as interest. The trial court did not find that estoppel applied and we cannot say as a matter of law that it does. We also recognize that if estoppel applied here then the rule requiring a gratuitous discharge of a negotiable instrument to be in writing, and its purpose, might be easily circumvented.

The judgment is affirmed.

HOGAN and FLANIGAN, JJ., concur.

MAUS, J., not participating.