**BOARD OF MANAGERS OF HEATHERTON HOMEOWNERS ASSOCIATION, INC., As Trustees, and on behalf of two or more condominium unit owners, Plaintiffs-Respondents,**

v.

**FIRST CAPITOL OIL COMPANY, Defendant-Appellant.**

No. 56915.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 24, 1990.

Sec. 448.040, *Laws* 1969, p. 543; R.S.Mo. 1978. The declaration encompassed only 5 plus acres of the Development Area. It expressed the intention, however, of future development of additional parcels in the Development Area by amendments to the declaration. The declaration restricted the property to residential use. Development by phases and stages of the original 5 acres proceeded by Ratteree's company. On September 21, 1983, a fourth amendment to the declaration was executed and recorded. The amendment added to the land covered by the original declaration, as previously amended, two additional parcels of land within the previously platted development area. One was a one-half acre parcel with which we are not concerned. The second was an approximately 25 acre parcel which included the land now owned by defendant. No separate plat of that area was filed for record.

The condominium market in St. Charles softened and the developer of Heatherton began looking for alternatives to building condominiums. In part of the Development Area it built "cluster" homes—single family residences. In another section it proposed to develop commercial buildings. At about that time the management of the condominiums was turned over to the residents who selected members of the Board of Management of the Heatherton Homeowners Association, Inc., the plaintiff in this case. On July 2, 1987, developer sold certain of the land covered by the Fourth Amendment to defendant. That deed recited it was subject to deed restrictions, easements, rights of way of record and zoning regulations. At some point, not clear from the record, the property sold to defendant was zoned commercial.

Litigation between the owners of the condominiums and the developer involving certain obligations of the developer was pending in August 1988 when a settlement agreement was entered into. It provided for the developer to make certain repairs, and to build a clubhouse and tennis court. It also provided:

"DEVELOPER, shall, at its own costs, construct a four foot (4') high dirt berm

Rollin J. Moerschel, Thompson & Mitchell, St. Charles, for defendant-appellant.

Rex M. Burlison, Burlison & Farrell, O'Fallon, for plaintiffs-respondents.

SMITH, Judge.

Defendant appeals from an injunction issued by the trial court requiring it to remove a commercial building from land owned by defendant and prohibiting defendant from using the land for any business, trade, occupation or profession. We affirm.

On August 27, 1982, Michael and Karen Ratteree executed a declaration of covenants, conditions and restrictions for Heatherton Condominiums. That document was filed of record with the recorder of deeds on December 17, 1982. That declaration identified by reference a "Development Area" encompassing approximately 30 acres. A plat of the Development Area was also filed of record as required by the then operative Condominium Property Act,

along the boundary of the Development contiguous to the land presently zoned commercial at Muegge Road and Old Highway 94. In addition thereto, DEVELOPER shall, at its own costs, construct a six foot (6') high cedar fence screen atop the said four foot (4') high dirt berm; and DEVELOPER shall plant evergreen or pine trees on the residential side of said berm and fence line, staggered every ten feet (10'), said trees to be at least three feet (3') high when planted. All such work to coincide with the construction of a commercial building upon the property zoned commercial as hereinabove described."

There was evidence that developer did not complete his obligations under the settlement agreement and that the litigation was still pending at time of trial.

Several months after the settlement agreement defendant began grading the land it had acquired and poured footings. Plaintiff immediately notified defendant that commercial development was not authorized. Defendant after receiving notice, consulted with counsel, and continued building its commercial building—a service station and quick shop—at a cost of $530,000. At the time of trial the building was completed and operating as a commercial business. The trial court enjoined the continuation of the commercial operation and ordered the building removed. The trial court entered extensive and detailed findings of fact and conclusions of law.

On appeal defendant raises four claims of error, one of which was expressly abandoned and withdrawn at oral argument. It contends that because no plat was filed with the fourth amendment and because the consent of all unit holders was not obtained to the amendment the land in question did not become subject to the declaration. It further contends that the settlement agreement estops plaintiff from prohibiting the commercial development of the land.

■ Sec. 448.030, R.S.Mo.1978, authorized the filing of amendments to the original declarations. Sec. 448.040 R.S.Mo.1978 required that a plat be recorded simultaneously with the original declaration. No contention is made that that was not done. The section then provided:

"An amendment or amendments to a plat *may* be recorded by the developer to include an additional parcel or parcels and additional units or to delete any parcel or parcels and reduce the number of units or to reflect accurately any changes in the locations, elevations, measurements or dimensions of any prior recorded plat, provided all the unit owners have consented thereto." (Emphasis supplied)

There was no express requirement in the statute that the filing of amendments to the declaration also required filing of amended plats contemporaneously thereto. The trial court found that the fourth amendment was intended by the owner of the land to submit the land to the condominium law and that it was effective for that purpose. That that was the intention is abundantly clear from the record. Nothing in the statute prevented that intention from achieving fruition because of the failure to file a plat in connection with the amendment. We find no error in the trial court's findings and conclusions in regard to the plat requirement.

■ The consent of the unit holders is easily resolved. The original declaration expressly provided that each grantee of the developer by accepting a deed thereby consented to subsequent amendments, development, platting, addition of parcels, addition of units, and the amendment of percentage of ownership in common elements. It further provided that by acceptance of deed each grantee appointed the developer as the grantee's agent and attorney in fact to acknowledge the consent of the grantee to the addition of an additional parcel to the condominium. The appointment was declared irrevocable for ten years. There was no absence of consent by the unit owners.

■ We turn to the estoppel issue. Defendant purchased the land substantially before the settlement agreement. Before the settlement agreement the land was zoned commercial. When defendant acquired the land it had constructive knowledge, at least, that the declaration and the

fourth amendment precluded the use of the land for commercial purposes. Defendant was not a party to the settlement agreement and at the time of that agreement developer was not the owner of the land contemplated for commercial development. The settlement agreement imposed upon the developer an obligation to construct protective barriers to an anticipated, and at that time unlitigated, commercial use of the property. It did not constitute a consent to such development. Immediately upon taking the first steps to develop the property, and after minimal development expense, defendant was notified of plaintiff's position that commercial development was not permitted. It nevertheless proceeded with the development.

 Equitable estoppel requires (1) an admission, statement or act inconsistent with a claim later sued upon; (2) action by the other party on the faith of such conduct; and (3) injury to the other party if the first party is allowed to contradict or repudiate its original admission, statement or act. *Smith v. Christopher*, 737 S.W.2d 510 (Mo.App.1987) [4, 5]. Estoppels are not favorites of the law and will not be lightly invoked. *Id.* [3]. A party cannot set up another's act or conduct as the ground of an estoppel unless he has been misled or deceived by such act or conduct and he cannot set it up where he knew or had the same means of knowledge as the other to the truth. *Van Kampen v. Kauffman*, 685 S.W.2d 619 (Mo.App.1985) [5].

The evidence here does not establish a basis for estoppel. Plaintiff did not mislead or deceive defendant through the settlement agreement. Defendant had full access to the restrictions prior to purchase and prior to development. It proceeded with its development after notice of the plaintiff's position regarding the restrictions. The trial court did not err in refusing to invoke an estoppel.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.