**STATE ex rel. Billie Jo SPROUSE,
Respondent,**

v.

**CARROLL COUNTY COMMISSION,
Appellant.**

**No. WD 49139.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1994.

Michael W. Bradley, Pros. Atty., Carroll County, Carrollton, for appellant.

Robert G. Russell and J. Christopher Spangler, Sedalia, for respondent.

Before ELLIS, P.J., and ULRICH and SMART, JJ.

ELLIS, District Judge.

Billie Jo Sprouse is the duly elected Treasurer and Ex Officio Collector of Revenue for Carroll County, Missouri. She has held that office at all times relevant to this case. The Carroll County Commission is the governing body of the County of Carroll, a third class county with a township form of government.

Prior to 1988, pursuant to § 54.320, RSMo 1986,[1] the compensation for the treasurer and ex officio collector was calculated at a certain set salary for duties performed as treasurer and a fee schedule for duties performed as ex officio collector. Under § 54.320, the compensation for ex officio collector was calculated as a percentage of the amount levied. The amount was then re-

1. All statutory references are to RSMo 1986 unless otherwise indicated.

tained by the treasurer/ex officio collector as fees. The fees were capped by § 54.320, except in counties where the total amount levied exceeded four million dollars. In those counties, the cap was lifted and compensation was based on a percentage of the total amount levied.

Proposition C, effective January 1, 1983, provided a sales tax for school districts, with a roll-back in the amount of the property tax levy for school districts. However, Proposition C contained recognition that some ex officio collectors' compensation might be reduced because it would reduce the total amount levied. Therefore, § 50.338.3, a part of Proposition C, contained a savings clause. It provides:

> In the event the reduction in the operating levy made by a school district pursuant to sections 144.700, 144.701, and 164.013, RSMo [Proposition C], causes a reduction in total tax collection of a county which would reduce the commissions of any county or township official, the amount of school taxes used in determining the total amount levied and in computing such commission shall include the amount by which the total amount levied is reduced by each school district in the current tax year pursuant to sections 144.700, 144.701, and 164.013, RSMo [Proposition C].

Thus, pursuant to § 50.338, in the event Proposition C's reduction in a school district's levy reduced the commissions of the ex officio collector, the collector is authorized to compute the commission as if the roll-back of the property taxes had not occurred.

Section 54.320 was revised, effective January 1, 1988, imposing a salary schedule, rather than a commission based on amounts levied, for the treasurer and ex officio collector. Under the schedule, the Carroll County treasurer and ex officio collector's salary was $26,250. Section 54.320, RSMo Supp.1987, provided:

> The provisions of this section shall not permit or require a reduction in the amount of compensation received by any person holding the office of treasurer ex officio collector on the effective date of this section.

Section 54.320 was again amended, effective May 31, 1988. That version stated:

> A county treasurer ex officio collector subject to the provisions of this section shall not, except upon two-thirds vote of all the members of the salary commission, receive an annual compensation less than the total compensation being received by the county treasurer ex officio collector in that county for services rendered or performed for the period beginning March 1, 1987, and ending February 29, 1988.

Section 54.320, RSMo Supp.1988.

For the fiscal year ending February 29, 1988, the total amount levied in Carroll County, not taking into account the calculations under Proposition C and authorized by § 50.338, was $3,861,094. Sprouse used that figure to calculate her commissions for that year and retained $25,833 as her commission. For fiscal years beginning March 1, 1988 and thereafter, pursuant to amended § 54.320 effective May 31, 1988, Sprouse has received a salary of $26,250 every year since 1988.

In March, 1990, the State Auditor conducted an audit of Carroll County for the years ending 1987 and 1988. The auditor found that the taxes levied in the year ending February 29, 1988, using the Proposition C figure to calculate the total amount levied, had exceeded $4,000,000. The auditor interpreted § 50.338 and the provisions of prior and revised sections 54.320 to authorize calculation of Sprouse's commissions for the fiscal year ending February 29, 1988 without application of the cap contained in the 1986 version of § 54.320 since the total amount levied exceeded $4,000,000. Thus, according to the auditor, Sprouse's commission in that year should have been $45,590. Further, the auditor concluded that, by virtue of the revision of § 54.320 effective May 31, 1988, Sprouse should have received $45,590 every year since 1988. Consequently, the State Auditor's report suggested the Commission pay Sprouse the difference between what she should have received and what she actually received from 1988 on, as well as changing her future salary to $45,590.

After receiving the auditor's report, the Carroll County Commission sought an Attorney General's Opinion on this issue. The

Attorney General issued an opinion on December 31, 1991 concluding that the State Auditor's interpretation of the applicable statutory provisions was correct, and that Sprouse was entitled to the higher compensation for fiscal 1988 and all years thereafter. Sprouse repeatedly requested that she be paid the amount the State Auditor and Attorney General found she was owed but these requests were denied by the County. As a result, Sprouse filed an Application for Writ of Mandamus in the Circuit Court of Saline County, Missouri.[2] After an evidentiary hearing, the circuit court issued a Writ of Mandamus ordering the Carroll County Commission to pay Sprouse back compensation in the amount of $139,443.33 plus interest in the amount of $32,128.27. This appeal followed.[3]

The trial court entered findings of fact and conclusions of law. The court concluded, among other things, that § 54.320, RSMo 1986 provided that there was no cap on Sprouse's commissions for fiscal year 1988 if the total amount levied exceeded $4,000,000. The trial court also reached the following conclusion of law:

> Section 50.338 RSMo requires that if there is a roll-back of taxes due to Proposition C which causes a reduction in the school operating levies which in turn causes a reduction in the commissions of any county official, then the amount of school taxes used in determining the total amount levied and in computing such commission has to include the amount by which the total amount levied was reduced by each school district pursuant to Proposition C. Therefore, for the purposes of determining compensation, Carroll County levied taxes in excess of $4,000,000 for the period ending February 29, 1988.

The court then found and determined that Sprouse should have received commissions for fiscal year 1988 of $45,590 as calculated by the State Auditor, and through application of amended § 54.320 effective May 31, 1988,

that Sprouse was entitled to compensation for each fiscal year thereafter at the rate of $45,590.

The Commission does not challenge the trial court's interpretation of the various statutory provisions in this appeal. However, since interpretation and application of those statutes is central to disposition of the case, we have carefully reviewed the statutes in question and conclude that the trial court properly interpreted and applied them.

█ The Commission argues, however, that even if Sprouse was statutorily entitled to the higher compensation in 1988 and the succeeding years, she had the nondelegable duty to correctly calculate her compensation and that after she claimed $25,833 as compensation for the year ending February 29, 1988, she is estopped from now claiming she should have received $45,590 for that year and every year since then.

The Missouri Supreme Court stated in *Reed v. Jackson County,* 346 Mo. 720, 726, 142 S.W.2d 862, 865, *cert. denied,* 311 U.S. 716, 61 S.Ct. 397, 85 L.Ed. 466 (1940):

> [I]t seems clear that to permit public officers, elected or appointed, to receive, by agreement or otherwise, a less compensation for their services than fixed by law, would be contrary to the public policy of the state.

In that case, the plaintiff and other county employees agreed to take lesser salaries due to the financial condition of the county during the Depression in an effort to prevent any employees from being discharged. Then, after economic conditions improved, they demanded the back salaries they had given up. In denying the County's estoppel claim, the court reasoned that the compensation of the deputy clerk in that case was fixed by the legislature and, therefore, only the legislature could change it. *Id.* As in *Reed,* Sprouse's compensation is fixed by statute. Pursuant to those statutes, she was entitled to $45,590 in 1988 and every year since then.

---

2. The parties stipulated to venue in Saline County.

3. The Carroll County Commission had brought a Third Party Action against the State of Missouri for indemnification or contribution under the

Hancock Amendment. On January 13, 1994, the trial court in that action granted the State's Motion for Summary Judgment. That ruling has not been appealed.

The Commission places emphasis on the fact that § 54.320 uses the phrase "may *retain*", rather than "may *receive*", when it refers to the ex officio collector's compensation. The Commission contends that under this language, it is the responsibility of the ex officio collector to properly calculate and retain her compensation, and if she does not, she is barred from later recovering the correct amount. The Commission points to *Kirkpatrick v. Rose*, 344 S.W.2d 59, 62 (Mo. 1961), for the proposition that in dealing with issues concerning authorizing fees for a county collector, "the statutes are to be strictly construed against the collector." However, *Kirkpatrick*, as well as the earlier cases upon which it relies, deal with situations in which the issue was whether the applicable statute *provided for* the compensation claimed by the county officer. *See State ex rel. Smith v. Atterbury*, 364 Mo. 963, 270 S.W.2d 399 (1954) (cited by *Kirkpatrick*); *See also Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282 (1940). In other words, those cases were deciding whether the officer was entitled to the compensation in the first place, not whether he could receive compensation he was entitled to, but mistakenly failed to retain. Thus, those cases stand for the proposition that in construing *what the statutory compensation is*, the statute will be construed against the officer and in favor of the county. Since we have already determined that Sprouse was statutorily entitled to retain the higher compensation, these cases are not applicable.[4]

The Commission also cites *Ward v. Christian County*, 341 Mo. 1115, 111 S.W.2d 182 (Mo.1937), to support its position. Particularly, the Commission points to the statement by the court:

4. Furthermore, we do not see how the phrase "may retain," as opposed to "may receive," even if construed strictly against Sprouse, means she must retain the fees in order to be entitled to them. The statute does not use mandatory language, so we do not interpret it to mean she must retain the fees in order to be entitled to them.

5. The Commission also cites *Galbreath v. City of Moberly*, 80 Mo. 484 (1883), and *McNulty v. Kansas City*, 201 Mo.App. 562, 198 S.W. 185 (Mo.App.1917), *cert. quashed*, 278 Mo. 42, 210 S.W. 881 (banc 1919), to support its position. It claims these cases are in line with the reasoning in *Ward*. We believe both are distinguishable.

We must, therefore, hold that plaintiff, by failing to show report and approval of sufficient fees, failed to prove that he was entitled to be paid by the county any more than the total amount actually received by or paid to him for his own compensation and that of his deputy.

341 Mo. at 1121, 111 S.W.2d at 185. *Ward* involved a situation where the plaintiff had reported a lump sum amount as his fees. He was supposed to report these fees in an itemized fashion so that the county would know how he earned the fees. The quoted statement merely means that by failing to itemize his fees, the plaintiff was *unable to prove* he was entitled to the additional compensation. This is not the case here. Sprouse was statutorily entitled to the higher compensation ($45,590) in 1988 and the subsequent years. *Ward* does not hold that the error on the part of the county employee prevents the employee, based on an estoppel argument, from receiving the proper compensation: it merely states the plaintiff in that case, by improperly reporting his compensation, was *unable to prove* what was owed to him.[5]

 Furthermore, even if estoppel could apply, the Commission has not established it in this case.

Estoppel requires: (1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement or act.

In *Galbreath*, the plaintiff was *questioning the validity* of a City Council Resolution imposing a lower salary. It wasn't a situation where he made an error in applying the law and calculating his salary. And, in *McNulty*, the plaintiff expressly agreed to accept a stipulated salary and to waive notary fees. Sprouse did not expressly agree to a reduced salary or to waive the difference in amount. However, even if they are not distinguishable, the Missouri Supreme Court decided *Reed v. Jackson County*, discussed *infra*, long after *Galbreath* and *McNulty* and, therefore, it is controlling.

*Missouri Highway & Transp. Comm'n v. Myers,* 785 S.W.2d 70, 73 (Mo. banc 1990) (citations omitted). Estoppel is not a favorite of the law and will not be lightly invoked; it should be applied with care and caution and only when all elements constituting estoppel clearly appear. *G.M. Morris Boat Co. v. Bishop,* 631 S.W.2d 84, 88 (Mo.App.1982) (citations omitted). In order for estoppel to apply, Sprouse must have acted or pursued some course of conduct with knowledge of the facts and her rights and her conduct must be viewed in light of the understanding she had of her rights at the time the Commission acted and not in the light of what she learned later. *Id.* at 89. The Commission argues that since Sprouse admitted she knew the law, she had knowledge of the facts and her rights and therefore, estoppel should apply. Sprouse did not have knowledge of her rights regarding her compensation. In fact, at the time she filed her 1988 settlement with the County, she inquired of the State Auditor's Office regarding whether the Proposition C roll back calculation resulted in a total levy exceeding $4,000,000. The representative from that office was unable to provide an answer. Obviously, if Sprouse had known she was entitled to the higher compensation, she would have retained the higher amount in the first place.

The Commission suggests further that Sprouse should have known what the proper compensation was and her failure to know this estops her from claiming it now. However, constructive knowledge is generally not sufficient to establish estoppel. *Bishop,* 631 S.W.2d at 89. Further, "[o]ne cannot set up another's act or conduct as the ground of an estoppel unless the one claiming it was actually misled or deceived by such act or conduct, *nor can he set it up where he knew or had the same means of knowledge as the other as to the truth.*" *Missouri Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.,* 811 S.W.2d 28, 34 (Mo.App.1991) (citation omitted, emphasis added). The Commission clearly had the same means of knowledge as to Sprouse's compensation that Sprouse had: her compensation was directed by statute about which the County should have known.

We conclude that the trial court was correct in awarding Sprouse the compensation to which she was statutorily entitled. Further, she is not estopped from collecting the amount simply because she made an error in calculating her compensation in 1988. The judgment is affirmed.

All concur.