**FARMLAND INDUSTRIES, INC., Appellant,**

v.

**Dale BITTNER, Respondent.**

No. WD 50994.

Missouri Court of Appeals, Western District.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Louis Jay Wade, Kansas City, for appellant.

Mark Edward Kelly, Liberty, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

Farmland Industries, Inc. ("Farmland"), appeals from the trial court's judgment, which held that Farmland was equitably estopped from asserting that Respondent Dale Bittner's oral revocation of a guaranty agreement was invalid under the statute of frauds.

In January 1992, South Branch Fertilizer ("South Branch"), a partnership, submitted a credit application to Farmland to make purchases on open account. After reviewing this application, Allen Baeur, Farmland's credit manager, refused to extend credit to South Branch unless the partners, Galen Polt and Dale Bittner, personally guaranteed payment of all purchases. These guaranty agreements were signed and returned to Farmland by Bud Klug, the Farmland sales representative with whom Mr. Bittner regularly did business.

Paragraph 5 of the guaranty agreement provided that the guaranty could be revoked only by providing written notice to Farmland. Mr. Bittner did not have a copy of the agreement and merely glanced through it before signing it. None of the parties knew that the agreement could be revoked in writing only. After the partners, Mr. Polt and Mr. Bittner, executed the agreements, Mr. Baeur approved the application and extended credit to South Branch.

In the summer of 1992, South Branch was converted from a partnership into a corporation. In November 1992, Mr. Bittner transferred his shares of stock to Mr. Polt. Mr. Bittner testified that he told Mr. Klug on December 3, 1992, in a telephone conversation that South Branch had been converted into a corporation and that he had transferred his company stock to Mr. Polt. Mr. Bittner testified that he then requested, through Mr. Klug, that Farmland release him from the guaranty agreement. According to Mr. Bittner, Mr. Klug told him that he had been released from the agreement approximately one week later. Mr. Klug was unavailable and did not testify. Mr. Bittner never canceled the agreement in writing, as was required by the agreement.

Beginning in June 1993, South Branch made a series of purchases from Farmland resulting in an unpaid balance of $16,569.83. In June 1994, Farmland filed suit against South Branch, Mr. Polt, and Mr. Bittner seeking judgment for this unpaid balance plus interest, attorney's fees, and court costs. The court entered a default judgment against South Branch and Mr. Polt because they failed to answer or appear.[1] However, the court entered judgment in favor of Mr. Bittner and against Farmland, finding that Farmland was equitably estopped from asserting the statute of frauds. Farmland appeals.

■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the court has erroneously declared or applied the law. *Id.* at 32.

■ In its first point on appeal, Farmland asserts that the oral revocation was invalid in that both the statute of frauds and the agreement itself required that any modification of this guaranty be in writing. In its second point, Farmland contends that Mr. Bittner was not entitled to plead equitable estoppel because he failed to read the agreement, which clearly states that any revocation of the guaranty had to be in writing. Because these arguments are interrelated, we consider them together.

■ The doctrine of equitable estoppel seeks to foreclose one from denying his own expressed or implied admission that has, in good faith and in pursuance of its purpose, been accepted and relied upon by another. *Lake St. Louis Community Ass'n v. Ravenwood Properties, Ltd.*, 746 S.W.2d 642, 646 (Mo.App.1988). There are three essential elements to such a claim: (1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon; (2) action by the other party on the faith of the admission, statement, or act; and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act. *Missouri*

*Highway and Transp. Comm'n v. Myers*, 785 S.W.2d 70, 73 (Mo. banc 1990).

■ The doctrine of equitable estoppel is not a favorite of the law and will not be applied lightly. *State ex rel. Sprouse v. Carroll County Comm'n*, 889 S.W.2d 907, 911 (Mo.App.1994). It can only be used when each element clearly appears, and the burden of proof is upon the party asserting it to establish the essential facts by clear and satisfactory evidence. *Lake St. Louis*, 746 S.W.2d at 646.

The trial court found that Mr. Bittner acted reasonably when he requested of Mr. Klug that he be released from the agreement and in relying on Mr. Klug's statement to him that he had, in fact, been released. The court concluded that this reasonable, detrimental reliance required that Farmland be equitably estopped from asserting the statute of frauds in an effort to recoup its losses for credit extended to South Branch after Mr. Bittner had been told that he had been released from the agreement.

■ However, one cannot set up another's act or conduct as the ground of an estoppel when he knew or had the same means of knowledge as the other to the truth. *Sprouse*, 889 S.W.2d at 911. There can also be no estoppel when acquiescence by all concerned is due to a common mistake. *Sutorius v. Mayor*, 350 Mo. 1235, 170 S.W.2d 387, 396 (1943).

In this case, Mr. Bittner had the same means of knowledge as Farmland to the truth, that any revocation of the agreement had to be in writing to be valid. Paragraph 5 of the agreement provided the specific procedures that Mr. Bittner had to follow in order to cancel the agreement. The trial court appears to have concluded that Mr. Bittner's lack of knowledge as to these procedures was excusable because Farmland did not provide him with a copy of the agreement. However, there is no evidence that shows that Mr. Bittner requested a copy of the agreement or that Farmland refused to provide him with one.

1. South Branch and Mr. Polt are not parties to this appeal.

■ Regardless of why Mr. Bittner did not have a copy of the agreement, the evidence shows that Mr. Bittner was unaware of the revocation procedures because he never read the agreement. At most, Mr. Bittner glanced through the agreement before signing it. Missouri has long recognized that a person signing an agreement has a duty to read it. *Sanger v. Yellow Cab Co.*, 486 S.W.2d 477, 481 (Mo. banc 1972). Absent a showing of fraud, a party who is capable of reading and understanding a contract is charged with the knowledge of that which he or she signs. *Mason v. Mason*, 873 S.W.2d 631, 634–35 (Mo.App.1994).

Mr. Bittner is charged with knowledge of the contents of the agreement, which includes paragraph 5 containing the procedures for revocation. Had Mr. Bittner read the agreement, he would have known that he could only cancel the agreement by providing written notice to Farmland. Mr. Bittner cannot claim equitable estoppel when his lack of knowledge was due to his own failure to read the agreement before signing it.

■ Mr. Bittner suggests that Mr. Baeur and Mr. Klug should have also known that any revocation had to be in writing, and their failure to inform him of this requirement estops Farmland from claiming it now. Although Mr. Bittner is correct that they should have been aware of this requirement, constructive knowledge is generally not sufficient to establish estoppel. *Sprouse*, 889 S.W.2d at 911. Both parties had the same means of knowledge as to the writing requirement, either from the agreement itself or from the law. The court misapplied the law when it held that Farmland was equitably estopped from asserting that Mr. Bittner's oral revocation was invalid under the statute of frauds.

■ Mr. Bittner claims that even if equitable estoppel did not apply in this situation he was discharged by a subsequent oral modification of the guaranty agreement. He contends that he orally rescinded his guaranty in December 1992, when there was nothing due on the contract between South Branch and Farmland, so that he was discharged from any further obligations under the guaranty agreement.

Mr. Bittner relies on *Smith v. Mohan*, 723 S.W.2d 94, 98 (Mo.App.1987), to support his contention that he orally rescinded his guaranty in December 1992. In *Smith*, there was a contract for the sale of real estate, which provided the purchaser with the option of rescinding the contract before the date of closing, if the premises were destroyed by a natural disaster prior to this date. *Id.* at 97. In enforcing the purchaser's exercise of this option, which was done orally, the court applied a prevailing rule, which allows executory land contracts to be rescinded orally even if the rescinded contract was required to be in writing under the statute of frauds. *Id.* at 98, *citing Gee*, 501 S.W.2d at 545.

■ However, an oral rescission of a contract required to be in writing by the statute of frauds must be supported by consideration. *Tahan v. Garrick, Inc.*, 701 S.W.2d 189, 191 (Mo.App.1985). Furthermore, any agreement to terminate or release one from a contract is a new contract, which must be supported by consideration. *Gee v. Nieberg*, 501 S.W.2d 542, 544 (Mo.App.1973). Mr. Bittner did not plead that there was consideration, nor did he provide the trial court with any evidence of consideration for this alleged oral modification. In fact, Mr. Bittner failed to even discuss this element completely both at trial and on appeal. Without any legal or evidentiary support, Mr. Bittner's claim that he orally rescinded the guaranty agreement in December 1992, must fail.

In view of the conclusions reached on the first two points of this appeal, it is unnecessary for us to discuss the remaining points raised by Farmland. The judgment of the trial court is reversed and remanded to the trial court with instructions to enter judgment in accordance with this opinion.

All concur.