Ted TAHAN, Respondent,

v.

GARRICK, INC., Appellant.

No. 48885.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 1985.

Thomas B. Hayes, St. Louis, for appellant.

Fitzgibbons, Glenn & Barnett, Larry W. Glenn, St. Louis, for respondent.

CRIST, Judge.

Defendant Garrick, Inc. (Garrick) appeals from the judgment entered upon the verdict of the jury awarding plaintiff Tahan $17,535 on his claim for rescission of a contract for a sale of three condominiums. We affirm.

Tahan, an attorney and part owner of a retail jewelry store, signed a contract with Garrick, a land developer, to purchase three condominium units in a development in the Lake of the Ozarks area. The contract provided a purchase price of $150,000, with an earnest deposit of $22,500. A handwritten paragraph in the contract stated: "(17a) The undersigned has received a [sic] earnest money deposit of $17,535 on 9/16/80 and will receive before closing the balance of $4,965." This deposit was made not in cash, but in jewelry, the value of which was agreed and acknowledged in the contract to be $17,535. This sale did not take place, apparently because Tahan decided not to complete the purchase. It then was agreed Tahan would close on one unit, at a price of $37,500; he would release the other two units, so that Garrick could sell them, and the $17,535 already paid would be applied on the new sale. Garrick sent Tahan a letter confirming this new arrangement, and enclosed several documents for Tahan to execute. In this letter, it is stated "Garrick is to accept the merchandise given as earnest money down payment with a value of $17,535." Tahan refused to execute the documents enclosed in the letter and demanded the return of his earnest deposit. Upon Garrick's refusal of the demand, this action followed.

Garrick, in its first two points relied upon, appears to contend the court erred in submitting the cause to the jury and in failing to grant a new trial on the grounds the finding the contract was rescinded was not supported by substantial evidence and was against the weight of the evidence. In considering this contention, this court views the evidence in the light most favorable to the plaintiff, drawing all reasonable inferences favorable to the plaintiff, and disregarding the evidence to the contrary. *Wells v. Orthwein,* 670 S.W.2d 529, 532 (Mo.App.1984). This court does not weigh the evidence, for that is the function of the jury, subject to the control of the trial court. *Wright v. Martin,* 674 S.W.2d 238, 242[7] (Mo.App.1984).

■ A written contract may be rescinded or abandoned by an agreement, either written or parol, of the parties to the contract. Such rescission may be shown by acts and declarations of the parties which are inconsistent with the continued existence of the previous contract. *Tudor v. Tudor*, 617 S.W.2d 610, 613[5] (Mo.App. 1981). The evidence is sufficient to establish a rescission by mutual agreement. Tahan testified when he informed Gary Rickert, Garrick's president and the person at Garrick with whom Tahan dealt, that he no longer desired to buy the three units, Rickert said nothing about it, and immediately proposed to sell one unit. Rickert testified he at no time attempted or threatened to enforce the first contract. While Rickert testified the rescission of the contract for the sale of the three units was dependent upon the execution of the contract for the one unit sale, the jury was free to reject this testimony. *Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 111[4] (Mo.App. 1984).

Garrick's actions also tend to show a rescission. Nothing in the record indicates there was ever any attempt to persuade Tahan to alter his course of action and buy the three units. It is inferable from the record Garrick sold or attempted to sell the units covered by the contract to other buyers. Finally, Garrick prepared a new contract, wholly inconsistent with the continued vitality of the first contract. Execution of the second contract is not on its face a contingency of rescission of the first contract. Given the evidence presented, the jury could reasonably find a rescission by mutual agreement, based upon actions of the parties inconsistent with the continued existence of the previous contract. See *Tudor, supra.*

■ Garrick claims any such rescission is invalid due to a lack of consideration. An oral rescission of a contract required to be in writing by the statute of frauds must be supported by consideration. *Gee v. Nieberg*, 501 S.W.2d 542, 545 (Mo. App.1973). Consideration here can be found in the mutual release of contractual duties, See *Thumm v. Lohr*, 306 S.W.2d 604, 609 (Mo.App.1957), and therefore there was a valid rescission by agreement. This rescission contemplated restoration of the status quo, which entailed the return of the earnest deposit to plaintiff. *Dilts v. Lynch*, 655 S.W.2d 118, 121 (Mo.App.1983).

■ Garrick's next two Points Relied On allege instructional error. However, he has failed to set forth the questioned instructions in full in the argument portion of his brief, as required by Rule 84.04(e). Therefore, he has preserved nothing for review. *Stegan v. H.W. Freeman Const. Co.*, 637 S.W.2d 794, 797 (Mo.App.1982). The points are denied. *See East v. Landmark Central Bank & Trust Co.*, 585 S.W.2d 222, 225 (Mo.App.1979). We have, nevertheless, considered the points and arguments submitted, and find them to be without merit.

■ In his final Point Relied On, Garrick complains of the trial court's refusal to admit evidence of the cost to Tahan of the jewelry used to provide the earnest deposit. Garrick's offer of proof shows this cost to have been $8,450. It is noted first that any error in the refusal of this instruction was rendered harmless by the admission of other evidence which indirectly established the cost of the jewelry to Tahan. *Tennis v. General Motors Corp.*, 625 S.W.2d 218, 233[22] (Mo.App.1981). However, there was no error in refusing to admit the evidence. The purchase price of personal property bought at a bona fide sale which took place at a time near the time the value of the property is to be determined can be evidence of value. *Byrd v. Brown*, 641 S.W.2d 163, 176–77 (Mo.App.1982). However, Garrick offered nothing that would tend to show a bona fide sale of the jewelry to Tahan. The material submitted in the offer of proof only established the jewelry was purchased by Tahan from the business of which he was part owner. It did not show the price paid reflected fair market value. Instead, the inference is clear Tahan, a retail jeweler, paid the wholesale price for the jewelry to an entity he controlled in part, and the sale price was there-

fore not the result of a deal at arms' length between equal parties. Compare *Bryd, supra.* The relevance and probative value of the cost of the jewelry to Tahan was not shown. And, in any event, as Garrick agreed the value of jewelry was $17,535, and accepted it in lieu of cash in that amount, that is the amount which must be returned to Tahan if the parties are to be returned to the status quo. *Dilts, supra.*

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.