Wieslaw JAMROZIK, Plaintiff–
Appellant,

v.

M.T. REALTY & INVESTMENT CORPO-
RATION and National Real Estate
Management, a Corporation, Defen-
dants–Respondents.

No. 61152.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1992.

Robert L. DeVoto, Wuestling, James & DeVoto, St. Louis, for plaintiff-appellant.

Jeffrey S. Thomsen, Debbie S. Champion, Evand & Dixon, St. Louis, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in granting defendant a judgment notwithstanding the verdict in this personal injury case. The trial court also conditionally granted defendants' motion for new trial on the basis of instructional error. We reverse and remand for new trial.

Plaintiff was a visitor in the apartment of Richard Kubiak and his mother. The apartment building is owned and managed by the defendants respectively. Both Kubiaks and plaintiff are natives of Poland and all experience considerable difficulty with the English language requiring utilization of an interpreter at times during the trial. While sitting on a bed in Richard Kubiak's room plaintiff was injured when struck by plaster which fell in substantial quantities and large pieces from the ceiling. Approximately a week or longer before this accident a pipe above the bathroom ceiling in the Kubiak apartment was leaking. Defendants repaired the leak and replastered the ceiling in the bathroom and the wall in Mrs. Kubiak's bedroom. The two bedrooms are in line, with the bathroom between them—the bathroom ceiling adjoins the ceilings of both bedrooms.

■ Because a motion for judgment notwithstanding the verdict presents the issue of whether the plaintiff made a submissible case we review the evidence in the light most favorable to the plaintiff and accord him all reasonable beneficial inferences which can be drawn therefrom. *Wells v. Orthwein,* 670 S.W.2d 529 (Mo. App.1984) [1, 2]. In this state a landlord is under no obligation to a tenant to repair unless there is a contract which creates a duty to repair. *Nuckols v. Andrews Investment Co.,* 364 S.W.2d 128 (Mo.App. 1962) [2]. If the landlord voluntarily makes repairs whether for his own benefit, or for the benefit of himself and the tenant, he must use reasonable care. *Id.* The landlord is liable for any injury caused by his negligence in making voluntary repairs. *Id.* In addition it is the rule of this state that where the landlord retains partial control of the leased premises for the purpose of making repairs, then the landlord is obligated to make such repairs and to keep the premises in a reasonably safe condition for the use intended. *Harrison v. Roberts,* 800 S.W.2d 40 (Mo.App.1990) [2]; *Lemm v. Gould,* 425 S.W.2d 190 (Mo.1968) [1–3]; *Tucker v. Taksel,* 345 S.W.2d 385 (Mo.App. 1961) [1, 2].

■ Here the lease provided:

Lessor, by its authorized agents, shall have the right at all reasonable times to enter the leased premises and to inspect the same and to show the same to prospective tenants or purchasers. Lessor ... may make such repairs and alterations as may be deemed by Lessor necessary to the preservation of the leased premises or the building.

The resident manager retained a key to the Kubiak apartment as well as all other apartments and after the accident entered the premises with two other tenants of the building to view the damage. Defendants had previously repaired the leak and resulting damage. The testimony of the resident manager consistently indicated that the defendants provided all repair services and would provide such services whenever a complaint or request for repair was made to her. Our review of the transcript of the trial and our examination of the cases in this state, cited above, convince us that defendants retained control for the purpose of making repairs.

There was testimony from Mrs. Kubiak that she notified the resident manager that the ceiling in her son's bedroom was stained, cracked, sagging, warped and "might fall down and kill someone". Mrs. Kubiak testified that the manager's response was "don't worry about it". There was some contradiction in subsequent testimony about whether she so advised the manager but resolution of those discrepancies was for the jury, and in part may be accounted for by Mrs. Kubiak's difficulty with the English language. The evidence was sufficient to support findings that the defendants retained partial control of the premises for the purposes of making repairs, that they were advised of the dangerous condition of the ceiling, that they failed

to effect the repairs, that in so doing they were negligent and that that negligence caused plaintiff's injuries. Plaintiff made a submissible case.

Plaintiff sought to premise recovery upon the negligent making of voluntary repairs by the landlord in failing to repair Mr. Kubiak's ceiling at the time the repair of the bathroom ceiling and Mrs. Kubiak's wall was undertaken. He further premised recovery upon the concept that the ceiling was a "common area" because it was also the floor of the apartment above it. It is unnecessary for us to reach those contentions, one of which on this record is beset by factual difficulties and the other by legal difficulties.

Rule 72.01(c) provides for the conditional granting of a new trial where the trial court is granting a judgment notwithstanding the verdict. It provides that in a case such as this one where the judgment is being reversed the new trial shall be commenced unless we order otherwise. The parties have not briefed the correctness of the trial court's conditional order of a new trial. Our examination of the ruling and the instruction upon which it was based leads us to conclude that the ruling was correct.

Judgment is reversed and cause is remanded for new trial.

GARY M. GAERTNER, P.J., and BLACKMAR, Senior Judge, concur.