Helen & Carl KING,
Plaintiffs/Respondents,

v.

UNIDYNAMICS CORP., Randy Beckendorf and Kevin Snow,
Defendants,

R.G. Brinkmann Co.,
Defendant/Appellant.

No. 70520.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1997.

Nancy R. Kistler, Richard J. Mehan, Holt-kamp, Liese, Bechemeier & Childress, P.C., St. Louis, for Appellant.

Thomas A. Connelly, P.C., St. Louis, for Respondent.

SIMON, Judge.

R.G. Brinkmann Company (defendant) appeals from a jury verdict in favor of Helen King (plaintiff) in an action seeking damages for personal injuries suffered by Helen King when she fell while attempting to traverse a temporary walkway set up by defendant so that employees of National Vendors Company (National Vendors), plaintiff's employer, could go from the parking lot to their place of employment.

On appeal, defendant contends that the trial court erred in: (1) refusing to submit a comparative fault instruction to the jury; (2) denying the defendant's motion for a directed verdict and its motion for J.N.O.V. because plaintiff failed to make a submissible case for negligence; (3) denying defendant's motion for a new trial because plaintiff was contributorily negligent as a matter of law, failed to exercise due care walking in the parking lot, and she assumed the risk of her fall and subsequent injury; (4) denying defendant's motion for remittitur as the jury's damages were excessive, not supported by the evidence, and were not fair and reasonable; (5) admitting plaintiff's negligence instruction as defendant alleges the instruction constituted prejudicial error by not submitting the issue of causation to the jury; and, finally, defendant argues that if this case is to be reversed

and remanded, there should be a new trial on all issues. We affirm.

Under Missouri law, jury verdicts will not be overturned unless there is complete absence of probative facts to support the verdict. *AgriBank FCB v. Cross Timbers Ranch, Inc.*, 919 S.W.2d 256, 259[8] (Mo.App. S.D.1996)

Viewed in the light most favorable to the verdict, the record on appeal shows that in June, 1993, defendant was constructing a new building on the premises of National Vendors. Plaintiff was an employee of National Vendors. Defendant, as part of its construction contract with National Vendors, promised to keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations in building and constructing the factory addition. During this period of construction, defendant constructed a temporary walkway so that employees of National Vendors could traverse from the employee parking lot to their place of work in a way that would keep them away from the construction activity. In the course of this construction activity, defendant dug trenches and back-filled them with one inch clean rock. Some of this rock scattered from the construction site and on to the temporary walkway used by employees of National Vendors.

On June 21, 1993, plaintiff was walking across the temporary walkway when she slipped on some rocks and fell. It was approximately 5:00 A.M. Plaintiff testified that it was dark, there were no lights at all, and that the nearest light came from a Schnucks warehouse approximately two hundred feet away. After her fall, an employee of defendant inspected the area where plaintiff fell and picked up four to five shovelfuls of one inch clean rock. In her petition, plaintiff stated that it was this one inch clean rock that caused her fall. She also indicated that she had seen similar rocks in the area before her fall and complained about them to her employer.

The record on appeal does not include a copy of plaintiff's first petition, but she filed a Second Amended Petition naming as defendants: (1) R.G. Brinkmann Company; (2) Unidynamics Corporation; and (3) Randy Beckendorf and Kevin Snow, employees of R.G. Brinkmann Company. Unidynamics Corporation was dismissed by the plaintiff in a motion filed on June 19, 1994. On January 31, 1996, plaintiff dismissed Beckendorf and Snow as defendants, leaving Brinkmann Company as the only remaining defendant.

Trial began and plaintiff's case was submitted without objection on the following instruction, Instruction #5 based on MAI 22.03:

> Your verdict must be for plaintiff if you believe:
>
> First, there were rocks on the parking lot of National Vendors near the defendant's work area, and as a result, the walkway was not reasonably safe, and
>
> Second, defendant knew or by using ordinary care could have known of the condition, and
>
> Third, defendant failed to use ordinary care to remove it, and
>
> Fourth, as a direct result of such failure, plaintiff sustained damage.

The trial judge specifically asked defense counsel "You've had an opportunity to review this instruction. Do you have any objections?" To which defense counsel responded "No, Your Honor." Next, the trial judge asked defense counsel: "Is there an instruction that you wish to give in lieu of Instruction Number 5." Defense counsel responded yes and subsequently, defense counsel offered a comparative fault instruction, Instruction A based on MAI 32.28, which provided:

> In your verdict you must assess a percentage of fault to Plaintiff if you believe:
>
> First, Plaintiff knew or by using ordinary care could have known that there were rocks on the parking lot at National Vendors and as a result the parking lot was not reasonably safe, and
>
> Second, Plaintiff failed to use ordinary care to keep a careful lookout, and
>
> Third, such failure directly caused or directly contributed to cause any damage Plaintiff may have sustained.

Plaintiff's counsel objected to this instruction on the grounds that this is not a case

where failure to keep a careful lookout applies. Defendant's counsel responded that she thought there was sufficient evidence and legal grounds to submit the comparative fault instruction to the jury. The trial court sustained plaintiff's objection on the grounds that "there is not a sufficient amount of evidence to support comparative submission to this jury." The case was thereafter submitted to the jury and, on that same date, the jury returned a verdict in the amount of $150,000.00, in favor of the plaintiff. Subsequently, plaintiff filed a Motion For Pre–Trial Interest in the amount of $15,755.00 which was granted by the trial court. Defendant's Motion for Judgment Notwithstanding the Verdict, For New Trial, or For Remittitur, was denied.

We address defendant's points out of order. In its fifth point on appeal, defendant contends that the trial court committed prejudicial error justifying a new trial by submitting Plaintiff's Instruction No. 5, based upon MAI 22.03.

■ Defendant correctly asserts that in determining whether the trial court erred in submitting a proposed verdict directing instruction, we must view the evidence in the light most favorable to the proponent of the proposed instruction, giving the proponent the benefit of all reasonable inferences and disregarding evidence to the contrary. *Hartenbach v. Johnson*, 628 S.W.2d 684, 688 (Mo.App.1982). Further, the defendant must properly preserve its objection to an instruction by (1) making specific objections at trial prior to submission of the case to the jury and (2) raising that same objection in a motion for a new trial in accordance with Rule 78.07. Rule 70.03 (as revised on January 1, 1994).

■ The record made during the instruction conference clearly demonstrates that the trial judge specifically asked defense counsel for any objections to the MAI 22.03 instruction and defense counsel made none. Defendant then offered MAI 32.28, a comparative fault instruction, but the trial court rejected it for lack of evidence. Defense counsel made no objection to the offering of the plaintiff's verdict directing instruction until its motion for a new trial on March 1, 1996,

twenty-seven days after the jury returned its verdict, where she made a specific objection to the submission of the verdict instruction and the rejection of the comparative fault instruction.

Clearly, defendant failed to comply with Rule 70.03. By failing to comply with Rule 70.03, defendant failed to preserve "the giving of or the failure to give an instruction" as error for review. Thus, where a party has failed to preserve the giving or denying of an instruction, appellate review is limited to determining whether the giving or denying of the instructions constituted "plain error" under Rule 84.13. Rarely applied, the plain error rule is reserved for situations, not raised on appeal or properly preserved, when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom. Rule 84.13.

■ Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or oversight. *Stevens v. Wetterau Foods, Inc.*, 501 S.W.2d 494, 499 (Mo.App.1973). Here, the record indicates defense counsel apparently made a decision not to object to plaintiff's verdict instruction Number 5. Since we find no manifest injustice or miscarriage of justice, defendant's point is denied.

■ In its first point on appeal, defendant contends that the trial court erred in denying defendant's proposed Instruction A, based on MAI 32.28, which provides:

In your verdict you must assess a percentage of fault to Plaintiff if you believe:

First, Plaintiff knew or by using ordinary care could have known that there were rocks on the parking lot at National Vendors and as a result the parking lot was not reasonably safe, and

Second, Plaintiff failed to use ordinary care to keep a careful lookout, and

Third, such failure directly caused or directly contributed to cause any damage Plaintiff may have sustained.

■ It is a well settled rule of law that any issue submitted to the jury in an instruction must be supported by evidence from which the jury could reasonably find such

issue. *Gruhala v. Lacy,* 559 S.W.2d 286, 289[5] (Mo.App.1977). It is error to give an instruction where there is no substantial evidence to support the issue submitted. *Cowan v. Perryman* 740 S.W.2d 303, 304 (Mo. App.1987). In considering whether or not an instruction is supported by evidence, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the party offering the instruction. *Hartenbach,* 628 S.W.2d at 688.

Here, reviewing the record in a light most favorable to defendant's instruction, we find no substantial evidence to support the submission that plaintiff failed to use ordinary care to keep a careful lookout. Therefore, the trial court did not err in refusing defendant's proposed verdict instruction.

In its second point on appeal, defendant contends that the trial court erred in denying its motion for directed verdict and its motion for judgment notwithstanding the verdict because the plaintiff failed to make a submissible case of negligence against the defendant.

■ When reviewing a trial court's ruling on a motion for judgment notwithstanding the verdict, we view the evidence and all inferences to be made from it in the light most favorable to the party opposing the motion. *Wells v. Orthwein,* 670 S.W.2d 529, 532[2] (Mo.App.1984). Further, we must disregard all contrary evidence and inferences and determine whether, on the evidence so viewed, plaintiff made a submissible case. *Id.* A directed verdict in favor of defendant is proper only if reasonable minds could not differ as to the proper verdict. *Id.*

■ A motion for J.N.O.V. presents the same issues as a motion for directed verdict; i.e., whether the plaintiff made a submissible case. *Beelman River Terminals, Inc. v. Mercantile Bank,* 880 S.W.2d 902, 903 (Mo.App. E.D.1993). Whether there is sufficient evidence to submit an issue to the jury is a legal question and not an exercise of judicial discretion. *Koszor v. Ferguson Reorganized S.D. R–2,* 849 S.W.2d 205, 207[1–2] (Mo.App. E.D.1993). A case is not to be submitted to the jury unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Id.* To

prevail in a negligence action, a plaintiff must establish the existence of a duty on the part of the defendant to protect the plaintiff from injury, defendant's failure to perform that duty and plaintiff's injury proximately caused thereby. *Martin v. Pashia,* 892 S.W.2d 681, 683[6] (Mo.App. E.D.1994).

■ Here, defendant was hired by National Vendors to construct an addition to its factory. As part of the construction contract with National Vendors, defendant agreed to keep the premises and surrounding area free from the accumulation of waste materials or rubbish caused by the construction. During this construction, defendant set up a temporary walkway so that employees could safely traverse from the parking lot to the factory.

Part of defendant's construction involved digging and back-filling trenches with one inch clean rock. Some of this rock scattered from the trenches into the temporary walkway area used by plaintiff and the rest of National Vendor's employees. Kevin´ Snow, an employee of defendant, testified that it was defendant's responsibility to move those rocks out of harm's way.

Plaintiff testified that it was this one inch clean rock that caused her to fall. She also testified that she had seen similar rocks in that area before and that she had complained about them to her employer. After plaintiff's fall, an employee of defendant inspected the area where plaintiff fell, picking up four to five shovelfuls of one inch clean rock and removing them from the temporary walkway.

■ The elements of actionable negligence may be shown by circumstances from which they may be inferred. *McCroskey v. Burlington Northern Railroad Co.,* 825 S.W.2d 337, 341[6] (Mo.App.1992). Based on the aforementioned evidence, there is sufficient evidence for the jury to find that on or about June 21, 1993, plaintiff was lawfully on the premises of National Vendors; that defendant allowed rocks to accumulate and create an unsafe condition on the National Vendors premises; that defendant knew or should have known of said conditions but failed to barricade, warn, or remove this unsafe condition; that defendant owed a duty to plaintiff to barricade, warn or remove this

unsafe condition; and, that this unsafe condition caused her to slip and fall, causing severe injury as a result of defendant's breach of duty. Point denied.

In defendant's third point on appeal, it contends that the trial court erred in not granting its motion for directed verdict or its motion for J.N.O.V. because plaintiff assumed the risk.

■ Plaintiff's assumption of the risk is an affirmative defense to a charge of negligence. *Ross v. Clouser,* 637 S.W.2d 11, 14 (Mo. banc 1982). Rule 55.08, however, requires affirmative defenses to be pled in order to give notice to the plaintiff. *Lucas v. Enkvetchakul,* 812 S.W.2d 256, 263[10] (Mo. App. S.D.1991). Rule 55.08 states in pertinent part:

> In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... assumption of risk. A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance.

■ Based on Rule 55.08, assumption of the risk instructions may be given only where the assumption of the risk defense has been raised in pleadings as an affirmative defense. Defendant's answer to plaintiff's Second Amended Petition alleged two defenses:

> 2. As and for further answer and by way of affirmative defense this Defendant states Plaintiff's Second Amended Petition fails to state a claim upon which relief can be granted.
>
> 3. As and for further answer and by way of affirmative defense this Defendant states any injuries sustained by Plaintiff were caused or contributed to by Plaintiff's own comparative negligence and fault including, but not limited to, Plaintiff's failure to keep a careful lookout.

Nowhere in the pleadings, during the course of the trial or in the post-trial motions did the defendant plead assumption of the risk as an affirmative defense. It is a well-settled rule of law that failure to plead an affirmative defense results in waiver of the defense. *Detling v. Edelbrock,* 671 S.W.2d 265, 271 (Mo. banc 1984). Point denied.

In its fourth point on appeal, defendant contends that the trial court erred in denying its motion for a remittitur because the damages were excessive, were not supported by the evidence and were not fair and reasonable compensation for the plaintiff's injuries.

■ The assessment of damages is primarily the function of the jury. *McGowan v. Hoffman,* 609 S.W.2d 160, 167 (Mo.App. 1980). The trial court has broad discretion in ordering remittitur and its decision whether or not to reduce damages will not be disturbed on appeal absent an abuse of discretion so grossly excessive that it shocks the conscience and convinces this court that both the trial judge and the jury have abused their discretion. *Meyer v. McGarvie,* 856 S.W.2d 904, 908 (Mo.App. E.D.1993). We exercise our power to interfere with the judgment of the jury and the trial court with caution and only where the verdict is manifestly unjust. *Koehler v. Burlington Northern, Inc.,* 573 S.W.2d 938, 947 (Mo.App. E.D. 1978).

■ Here, as a direct and proximate result of the fall, the plaintiff suffered a dislocated right shoulder with successful reduction, a rotator cuff tear and axillary nerve injury. Scar tissue resulted in her shoulder which causes pain. The injured arm is 33% to 51% weaker than her uninjured arm. Plaintiff incurred approximately $6,000 in medical bills and lost approximately $5,291 in wages as a result of these injuries.

After the accident, plaintiff received twenty-four sessions of physical therapy, had to sleep in a chair for eight weeks following the fall and still experiences pain while putting on her clothes, performing routine household chores, and driving. Plaintiff stated that, after the accident, almost any physical activity causes pain and she can no longer engage in recreational activities such as bowling and her doctor has advised her not to engage in any strenuous exercise.

Under the above-mentioned circumstances, and giving effect to all relevant factors, in-

cluding review of awards in other cases, we cannot say that the jury award was so grossly excessive as to shock the conscience or that the jury and the trial court abused their discretion. *Koehler*, 573 S.W.2d at 947. Point denied.

Because of our decision as to points one through five, we do not address defendant's sixth point.

Judgment affirmed.

RHODES RUSSELL and PUDLOWSKI, JJ. concur.