Ronald COURTWAY, Dana Decker and
Linda Prater, Respondents,

v.

Douglas BRAND, Jr., Respondent,

v.

Cheryl Jordan, Appellant.

No. ED 84237.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 11, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 23, 2005.

Application for Transfer Denied
April 26, 2005.

Mark L. Akers, St. Louis, Mo, for Appellant.

Donald L. O'Keefe, Jr., Leo M. Newman, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Cheryl Jordan (Defendant Jordan) appeals from the dismissal of her claim against Douglas Brand, Jr. (Defendant Brand) for personal injuries arising out of an automobile accident. The trial court determined that a previous release dated October 20, 2003 was a general release which released Defendant Brand from Defendant Jordan's cause of action for personal injury. On appeal, Defendant Jordan argues the trial court erred in dismissing her claim because the release (1) was not clear and unambiguous, (2) contained mutual mistakes of fact justifying rescission, and (3) released only those claims arising out of an accident on February 6, 2000. We reverse.

This case arises out of a multi-car accident which occurred on February 6, 2000 on Missouri Highway 21, in Washington County, Missouri, between Defendant Jordan, Defendant Brand, Jody Wilson (Defendant Wilson), and William Cook (Defendant Cook). Ronald Courtway, Dana Decker, and Linda Prater (collectively referred to as Plaintiffs) were all passengers in Defendant Jordan's automobile. Winifred Courtway was also a passenger in Defendant Jordan's automobile. As a result of the accident, Winifred Courtway died at the scene.

Plaintiffs[1] initially filed a wrongful death action against Defendants Cook, Wilson, and Brand alleging, among other things, numerous acts of negligence against all three defendants. Thereafter, Defendant Brand filed a third-party claim against Defendant Jordan seeking contribution. Plaintiffs amended their claim and filed a claim for wrongful death against Defendant Jordan as well. Defendant Jordan filed a counterclaim for personal injuries against Defendant Brand and cross-claims against Defendants Cook and Wilson.

---

1. Plaintiffs are the surviving children of Winifred Courtway.

Prior to trial, Plaintiffs settled their claims against Defendants Cook, Wilson, and Jordan, but proceeded to trial against Defendant Brand after the trial court had denied Defendant Brand's motion for summary judgment.

Thereafter, Defendant Jordan settled her claim against Defendant Cook and entered into a release with Defendant Cook which specifically released him from liability. On October 20, 2003, Defendant Jordan settled her claim against Defendant Wilson and signed another release (the Release).[2] A copy of the Release was provided to Defendant Brand.

On October 27, 2003, Thomas Buckley, attorney for Defendant Wilson, received a telephone call from Mark Akers, attorney for Defendant Jordan, notifying Mr. Buckley that Cheryl Jordan was rescinding the Release she had previously signed. On the same day, the day of trial, Defendant Brand filed a motion to dismiss Defendant Jordan's counterclaim against him and filed a motion to amend his answer arguing that the Release of Defendant Wilson signed by Defendant Jordan was a general release that released Defendant Brand from all liability for Defendant Jordan's injuries. The trial court continued the trial and ordered the parties to brief the issues with respect to the motion to dismiss and return to argue the motion. At the hearing on Defendant's motion to dismiss, Defendant Jordan presented an affidavit prepared by Thomas Buckley, which accepted the rescission of the Release by Defendant Jordan. Following the hearing, the trial court dismissed Defendant Jordan's counterclaim for personal injuries against Defendant Brand. This appeal follows.

■ We need not address Defendant Jordan's points relating to the language and effect of the Release, because we find the parties mutually rescinded the Release.

■ A release should be construed as a contract. *Liquidation of Professional Medical Ins. Co. v. Lakin,* 88 S.W.3d 471, 476 (Mo.App. W.D.2002). A written contract may be rescinded or abandoned by an agreement, either written or parol, of the parties to the contract. *Tahan v. Garrick,* 701 S.W.2d 189, 191 (Mo.App. E.D. 1985). Such rescission may be shown by acts and declarations of the parties which are inconsistent with the continued exis-

---

2. The Release provides as follows:

FOR THE SOLE CONSIDERATION OF Twenty–Five Thousand Dollars ($25,000.00), the receipt and sufficiency whereof is hereby acknowledged, the Undersigned hereby releases and forever discharges Jody Wilson, Go America Insurance Company, their heirs, executors, administrators, employees, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to persons any property, which have resulted or may in the future develop on account of an occurrence on or about the *6th* day of *February, 2000* on South Bound Highway 21 near Potosi, Missouri, as set forth more fully in the lawsuit filed in the Circuit Court of Washington County, State of Missouri Bearing Cause No.: CV1000–120CC.

The Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this *20th* day of *October,* 2003.

___(signed)___

Cheryl Jordan, a single person

tence of the previous contract. *Id.* The evidence here is sufficient to establish a rescission by mutual agreement.[3]

Here, as is clearly set forth in the affidavit of Thomas Buckley, which was presented to and considered by the trial court, the Release signed by Defendant Jordan did not reflect the agreement of the parties to release solely Defendant Wilson. Thomas Buckley's affidavit stated that the Release prepared by himself and Defendant Jordan's attorney inadvertently failed to include language that would have specifically excluded Defendant Brand from the effect of the Release. Thomas Buckley further stated that one week after the Release was signed, Defendant Jordan's attorney notified him that she was rescinding the Release. Defendant Wilson accepted the rescission. Both parties indicated the Release did not reflect their agreement.[4] As there was an inconsistency between the declarations of the parties and the continued existence of the Release, we find the Release was mutually rescinded. The trial court erred in dismissing Defendant Jordan's claim against Defendant Brand for personal injuries arising out of an automobile accident which occurred February 6, 2000.

Reversed.

PATRICIA L. COHEN, P.J., and KATHIANNE KNAUP CRANE, J., concur.

---

**3.** In, *Everhart v. Westmoreland*, 898 S.W.2d 634, 638 (Mo.App. W.D.1995), a case factually similar to the one at bar, the trial court allowed reformation of a general release because the evidence showed the release failed to embody the parties' original intention.

**4.** The affidavit also indicates that the settlement payment was never tendered to Defendant Jordan by Defendant Wilson.